AUGUST, A Minor, et al., Appellees,

v.

LIGHTNING ROD MUTUAL INSURANCE COMPANY, Appellant.

[Cite as *August v. Lightning Rod Mut. Ins. Co.* (1992), 82 Ohio App.3d 25.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–025.

Decided Aug. 21, 1992.

*Robert M. Scott,* for appellees Matthew M. August, a minor, and David M. August, his father and next friend.

*Richard E. Antonini* and *Katherine Cobb Jones,* for appellant.

---

*Per Curiam.*

This is an accelerated appeal from a judgment rendered by the Lucas County Court of Common Pleas in a declaratory action. A provision of

appellees' insurance policy denied uninsured motorist coverage where there was no physical contact between a hit-and-run car and the insured's vehicle. The trial court found this provision was against public policy and declared appellees entitled to coverage. Reluctantly, we must reverse.

On May 22, 1990, a car pulled from a cross road into the path of a vehicle driven by appellee Matthew M. August. Appellee swerved to avoid this car and collided with another vehicle. The car that caused the crash left the scene. There was no physical contact between the phantom vehicle and appellee's vehicle. However, these events were witnessed by two disinterested observers who corroborated appellee's account.

Appellees' insurer, appellant Lightning Rod Mutual Insurance Company, denied uninsured motorist coverage based on a contract provision which excludes coverage when an accident is caused by a phantom driver and there is no physical contact with the phantom driver's vehicle. Appellees then brought this declaratory action. The trial court determined that the no-physical-contact clause or phantom-driver rule is against public policy. Accordingly, the court declared that appellees are entitled to insurance coverage. Appellant then brought this appeal.

We are in agreement with the trial court's reasoning that the physical-contact rule is unnecessary to prevent fraudulent claims where the existence of a phantom driver may be corroborated by other means. We cannot, however, distinguish the facts of the instant case from those in *State Auto. Mut. Ins. Co. v. Rowe* (1986), 28 Ohio St.3d 143, 28 OBR 238, 502 N.E.2d 1008. *Rowe* held the physical contact rule to be in concert with public policy and refused to strike a clause similar to the one at issue now. *Rowe* is the Ohio Supreme Court's most recent pronouncement on this issue and controls our decision. Thus, while we believe this matter should be reexamined by the Supreme Court, appellant's assignment of error is well taken and we must reverse the trial court's decision.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. It is ordered that appellees pay the court costs of this appeal.

*Judgment reversed.*

GLASSER, P.J., ABOOD and SHERCK, JJ., concur.