[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 302.]

GIRGIS, APPELLANT, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, APPELLEE.

[Cite as *Girgis v. State Farm Mut. Auto. Ins. Co.*, 1996-Ohio-111.]

*Insurance—Uninsured motorist provision—R.C. 3937.18 and public policy
preclude contract provision requiring physical contact for recovery—Test
applied in cases where unidentified driver's negligence causes injury is
the corroborative evidence test.*

1. R.C. 3937.18 and public policy preclude contract provisions in insurance policies
   from requiring physical contact as an absolute prerequisite to recovery
   under the uninsured motorist coverage provision.

2. The test to be applied in cases where an unidentified driver's negligence causes
   injury is the corroborative evidence test, which allows the claim to go
   forward if there is independent third party testimony that the negligence of
   an unidentified vehicle was a proximate cause of the accident (*Travelers
   Indemn. Co. v. Reddick* [1974], 37 Ohio St.2d 119, 66 O.O.2d 259, 308
   N.E.2d 454; *Yurista v. Nationwide Mut. Ins. Co.* [1985], 18 Ohio St.3d 326,
   18 OBR 370, 481 N.E.2d 584*; State Auto. Mut. Ins. Co. v. Rowe* [1986], 28
   Ohio St.3d 143, 28 OBR 238, 502 N.E.2d 1008, modified.)

(No. 94-2765—Submitted January 10, 1996—Decided March 6, 1996.)

CERTIFIED by the Court of Appeals for Cuyahoga County, No. 66970.

———————————

{¶ 1} Appellee, Salwa Girgis, alleges that on November 3, 1987, she was
traveling on Interstate 90 in Cleveland when another vehicle driven by an
unidentified individual swerved into her lane and struck the left front fender of her
car. Girgis lost control of her vehicle which overturned, causing personal injury to

Girgis. It was stipulatead that Girgis was in fact involved in a motor vehicle accident.

**{¶ 2}** Girgis had an insurance policy with appellant, State Farm Mutual Automobile Insurance Company. The policy included uninsured motorist coverage which stated:

"We [State Farm] will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle. Uninsured Motor Vehicle—means: *** 2. a (hit and run) land motor vehicle whose owner or driver remains unknown and which strikes: a. the insured or b. the vehicle the insured is occupying and causes bodily injury to the insured."

**{¶ 3}** Girgis filed a claim under the uninsured motorist provision of her insurance policy to recover for the subject accident. State Farm denied coverage based on its determination that there had been no physical contact between Girgis's vehicle and any other vehicle. Consequently, State Farm concluded that there was no "'hit and run' land motor vehicle" as defined by the insurance contract, and State Farm was not obligated to pay the claim.

**{¶ 4}** Girgis filed a complaint for declaratory judgment against State Farm on or about July 2, 1992 claiming the trial court should declare the "physical contact" requirement of the uninsured motorist provision to be invalid and unenforceable. Among other arguments Girgis cited *State Farm Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309. The trial court granted the motion and entered judgment for Girgis. The court of appeals affirmed this decision and certified its decision as being in conflict with *August v. Lightning Rod Mut. Ins. Co.* (1992), 82 Ohio App.3d 25, 610 N.E.2d 1180.

**{¶ 5}** The cause is now before this court pursuant to the determination that a conflict exists.

2

———————————

*Dubyak & Goldense Co., L.P.A., David W. Goldense* and *Paul V. Wolf,* for appellee.

*Henry A. Hentemann* and *Joseph H. Wantz,* for appellant.

*Clark, Perdue, Roberts & Scott, Dale K. Perdue* and *Glen R. Pritchard,* urging affirmance for *amicus curiae*, The Ohio Academy of Trial Lawyers.

———————————

**WRIGHT, J.**

{¶ 6} Today we again confront a situation involving an individual who suffered personal injuries in an automobile accident, allegedly at the hands of an unidentified driver who left the scene of the accident. See *Travelers Indemnity Co. v. Reddick* (1974), 37 Ohio St.2d 119, 66 O.O.2d 259, 308 N.E.2d 454; *Yurista v. Nationwide Mut. Ins. Co.* (1985), 18 Ohio St.3d 326, 18 OBR 370, 481 N.E.2d 584; *State Auto. Mut. Ins. Co. v. Rowe* (1986), 28 Ohio St.3d 143, 28 OBR 238, 502 N.E.2d 1008. In these cases we upheld the validity of insurance contracts that required physical contact as an absolute standard for recovery under the uninsured motorist coverage of the insurance policy. Invariably, this meant that the injured party could not recover.

{¶ 7} In *Reddick*, two automobiles collided after one of them swerved to avoid an accident with a third unidentified vehicle. There were no witnesses to the incident other than the drivers of the two vehicles that collided. *Reddick*, 37 Ohio St.2d at 119, 66 O.O.2d at 259, 308 N.E.2d at 454-455. *Yurista* consisted of two companion cases. In the first, Robert Yurista was injured when his motorcycle struck a railroad tie that was in the road. There were no witnesses to the accident, although a police investigation revealed that the railroad tie had been dragged into the road "'by a car which made a too sharp right hand turn.'" The plaintiff in the other case, James Basford, was injured by a bottle thrown from an unidentified vehicle. There appears to be at least one witness to this event. *Yurista*, 18 Ohio

3

St.3d 327-328, 18 OBR at 371-372, 481 N.E.2d at 585-586. In *Rowe*, Carolyn Rowe and Peter Stefanisn were injured when the vehicle in which they were passengers was struck by a car that had swerved to avoid a third, unidentified vehicle. *Rowe*, 28 Ohio St.3d at 143, 28 OBR at 238, 502 N.E.2d at 1008.

{¶ 8} The plaintiffs in each of these cases were injured as a proximate result of the alleged negligence of an unidentified person in an unidentified vehicle. Each injured party filed a claim seeking recovery under the uninsured motorist coverage of their insurance policies. In each case, the claim was denied because there had been no physical contact between either the person or the vehicle of the injured party and the unidentified vehicle which allegedly caused the accident. Each of the ensuing actions reached this court where we found the contract provision of the insurance policy requiring a physical contact as a prerequisite to recovery to be valid. The facts in the case before us require us to reexamine these cases, considering the views of our sister states and review the public policy underlying the physical contact requirement.

{¶ 9} The precise issue before us is whether an automobile insurance policy requiring actual physical contact between the unidentified vehicle and either the insured or the insured's vehicle as an absolute prerequisite to recovery comports with public policy. For the reasons that follow, we find that the physical contact requirement is contrary to public policy. We are persuaded that some of the rationale underlying the physical contact requirement is unjustified and that this absolute standard for recovery should be abandoned. Instead, we hold that the test that ought to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third party testimony that the negligence of an unidentified

4

vehicle was a proximate cause of the accident. In taking this step, we join a number of our sister states that have adopted this or an even stricter rule.[1]

{¶ 10} R.C. 3937.18, the statutory provision that requires insurance companies to offer uninsured motorist coverage, does not specifically address the issue before us.[2] It stated, at the time pertinent herein:

"(A) No automobile liability or motor vehicle liability policy of insurance *** shall be delivered or issued for delivery in this state *** unless both of the following are provided:

"(1) Uninsured motorist coverage, which *** shall provide *** for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ***;

"(2) Underinsured motorist coverage ***." (141 Ohio Laws, Part I, 535.)

{¶ 11} It has been the practice of insurance companies to provide coverage for "hit and run" accidents, even though that coverage is not required by R.C.3937.18. Such policy provisions have historically been restricted to "hit and run" accidents where a physical contact occurred between the person or vehicle of the insured and the "hit and run" vehicle. See *Reddick* (37 Ohio St.2d 119); *Yurista*

---

1. *Surrey v. Lumbermens Mut. Cas. Co.* (1981), 384 Mass. 171, 424 N.E.2d 234*; State Farm Fire & Cas. Co. v. Lambert* (1973), 291 Ala. 645, 285 So.2d 917; *Farmers Ins. Exchange v. McDermott* (1974), 34 Colo.App. 305, 527 P.2d 918; *State Farm Mut. Auto. Ins. Co. v. Abramowicz* (Del. 1978), 386 A.2d 670; *Brown v. Progressive Mut. Ins. Co.* (Fla. 1971), 249 So.2d 429; *DeMello v. First Ins. Co. of Hawaii* (1974), 55 Haw. 519, 523 P.2d 304; *Simpson v. Farmers Ins. Co.* (1979), 225 Kan. 508, 592 P.2d 445; *Halseth v. State Farm Mut. Auto. Ins. Co.* (Minn. 1978), 268 N.W.2d 730; *Commercial Union Assur. Co. v. Kaplan* (1977), 152 N.J.Super. 273, 377 A.2d 957; *Montoya v. Dairyland Ins. Co.* (D.N.M. 1975), 394 F.Supp. 1337; *Biggs v. State Farm Mut. Ins. Co.* (Okla. 1977), 569 P.2d 430; *Farmers Ins. Exchange v. Colton* (1972), 264 Ore. 210, 504 P.2d 1041; *Webb v. United Services Auto. Assn.* (1974), 227 Pa.Super. 508, 323 A.2d 737; *Clark v. Regent Ins. Co.* (S.D. 1978), 270 N.W.2d 26; *Doe v. Brown* (1977), 203 Va. 508, 125 S.E.2d 159; *Maurer v. Grange Ins. Assn.* (1977), 18 Wash.App. 197, 567 P.2d 253.

2. It should be noted that the statute does not require consumers to purchase uninsured motorist coverage.

(18 Ohio St.3d 326); *Rowe* (28 Ohio St.3d 143). Since R.C. 3937.18 neither requires nor prohibits insurance coverage for "hit and run" accidents, we have analyzed insurance policies providing "hit and run" coverage under the rules of contract law. Accordingly, we have and will enforce the terms of insurance contracts absent compelling public policy reasons to the contrary.

**{¶ 12}** As we stated in *Reddick*, "The purpose of the [physical contact] requirement is obvious--to provide an objective standard of corroboration of the existence of a 'hit-and-run' vehicle to prevent the filing of fraudulent claims." 37 Ohio St.2d at 124, 66 O.O.2d at 262, 308 N.E.2d at 457. While objective standards have the advantage of being easy to apply, their application does not always do justice to injured claimants. Thus, because we remain committed to the underlying policy of preventing fraud, we adopt the corroborative evidence rule which prevents fraud and avoids the injustice of prohibiting legitimate claims solely because no physical contact occurred.

**{¶ 13}** Adherence to the physical contact requirement effectively deprives insured individuals of any recovery under uninsured motorist coverage even when independent third-party testimony is available. It strikes us that this is precisely the sort of situation against which uninsured motorist coverage was designed to protect. See *Reddick*, 37 Ohio St.2d at 123, 66 O.O.2d at 261-262, 308 N.E.2d at 457; *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 165, 51 O.O.2d 229, 231, 258 N.E.2d 429, 432; *Watson v. Grange Mut. Cas. Co.* (1988), 40 Ohio St.3d 195, 196-197, 532 N.E.2d 758, 759. We also note that R.C. 3937.18 will be "construed liberally in order to effectuate the legislative purpose that coverage be provided to persons who are injured through the acts of uninsured motorists." *Reddick*, 37 Ohio St.2d at 123, 66 O.O.2d at 262, 308 N.E.2d at 457, citing *Curran v. State Auto Mut. Ins. Co.* (1971), 25 Ohio St.2d 33, 54 O.O.2d 166, 266 N.E.2d 566.

**{¶ 14}** Thus, to the extent that admissible corroborative evidence was available, we modify *Reddick*, *Yurista* and *Rowe,* and find that R.C. 3937.18 and

public policy preclude contract provisions in insurance policies from requiring physical contact as an absolute prerequisite to recovery under the uninsured motorist coverage provision. We believe that public policy considerations should and do require the substitution of the corroborative evidence test for the physical contact requirement. This will ameliorate the harsh effect of an irrebuttable presumption and allow an insured to prove through independent third party testimony that an unidentified vehicle was a proximate cause of the accident for which the insured seeks recovery.

**{¶ 15}** We do not take lightly the argument that this today's decision will lead to an increase in the filing of claims. However, the corroborative evidence test we propound requires independent third-party testimony specifically to protect insurance companies from fraud. We consider the danger of possible fraud acceptable compared with the current situation where insureds with legitimate claims are prevented, as a matter of law, from recovering. Further, we are confident that the jury system will be able to distinguish between legitimate cases and fraudulent ones, as they do in many other matters.

**{¶ 16}** We reverse the judgment of the court of appeals. Accordingly, this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

DOUGLAS and RESNICK, JJ., concur.

PFEIFER, J., concurs separately.

MOYER, C.J., and COOK, J., CONCUR IN JUDGMENT.

F.E. SWEENEY, J., concurs in part and dissents in part.

———————————

**PFEIFER, J., concurring.**

{¶ 17} The majority opinion and syllabus are a good first step, but I would go further. As I first stated in my concurrence in <u>Hillman v. Hastings Mut. Ins. Co.</u> (1994), 68 Ohio St.3d 238, 626 N.E.2d 73, this court should eliminate entirely the physical contact rule. There is no reason that a case involving an automobile accident should be any different from any other case that depends on the testimony of only one eyewitness. As it does in every other case, the jury should decide the veracity of the witness and accord the testimony its due weight in light of the other evidence presented.

————————————

**COOK, J., concurring in judgment.**

{¶ 18} I agree with the majority's decision to reverse but write separately because I find no support for the about-face the court takes in light of twenty-one years of solid case law and legislative policy-making. There may very well be grounds for the General Assembly to modify *State Auto. Mut. Ins. Co. v. Rowe* (1986), 28 Ohio St.3d 143, 28 OBR 238, 502 N.E.2d 1008, and require insurance companies to provide uninsured motorist coverage when an unidentified vehicle is the proximate cause of an accident and when there is corroborative evidence. However, that decision is not only beyond the scope of this case, but also not the province of this court.

{¶ 19} The majority does not cite any change in public policy or any compelling public policy which would necessitate this court's departure from our previous interpretations of R.C. 3937.18 and the "hit and run" physical contact provision. The majority appears to simply rewrite the applicable code provision.

{¶ 20} This court has held, in a trilogy of cases, that the "hit and run" physical contact provision is enforceable and not contrary to public policy. The legality of this contract clause is firmly embedded in this state's syllabus law. See *Travelers Ins. Co. v. Reddick* (1974), 37 Ohio St.2d 119, 66 O.O.2d 259, 308

N.E.2d 454; *Yurista v. Nationwide Mut. Ins. Co.* (1985), 18 Ohio St.3d 326, 18 OBR 370, 481 N.E.2d 584; and *State Auto. Mut. Ins. Co. v. Rowe, supra.*

{¶ 21} As the majority concedes, R.C. 3937.18 does not require insurance companies to provide coverage for "hit and run" accidents. Nowhere in the applicable statutory framework can one find a requirement that an insurer offer uninsured motor vehicle coverage for injuries that result from the negligence of drivers of unidentified motor vehicles. The *Reddick* court stated without equivocation that:

"In the present case, the 'hit and run' coverage provided by the insurer represents an extension of coverage beyond that required by the statute, as R.C. 3937.18 requires coverage only for injuries caused by *uninsured* motorists." (Emphasis *sic*.) *Reddick*, 37 Ohio St.2d at 124, 66 O.O.2d at 262, 308 N.E.2d at 457.

{¶ 22} The *Yurista* decision was equally clear. Its syllabus states:

"When the definition of an uninsured motor vehicle in an uninsured motorist provision of an automobile liability insurance policy includes a 'hit-and-run' vehicle which causes bodily injury to an insured by physical contact with such person or a vehicle he is occupying, such physical contact must occur for the 'hit-and-run' inclusion to apply."

{¶ 23} Finally, in *Rowe,* this court stated in the syllabus:

"An automobile liability insurance policy which provides coverage against injuries caused to an insured by an unidentified motorist may, consistent with R.C. 3937.18 and public policy, include a provision requiring actual physical contact between the insured or the vehicle occupied by him and the unidentified vehicle."

{¶ 24} Justice Douglas, writing for the majority, stated in the first paragraph of his opinion in *Rowe*, *supra*:

"The initial issue presented in this case is whether an uninsured motorist liability policy clause that requires 'physical contact' between the insured or the

vehicle occupied by him and the vehicle of an unidentified motorist, as a condition of coverage, abrogates R.C. 3937.18 or contravenes public policy. We hold that it does not." *Rowe*, 28 Ohio St.3d at 144, 28 OBR at 239, 502 N.E.2d at 1010.

{¶ 25} We further held that R.C. 3937.18 did not require an insurance carrier to offer coverage for insureds injured by "hit and run" motorists:

"Given a literal reading, the terms of R.C. 3937.18 mandate only that coverage be extended for injuries caused by *identified* uninsured (and underinsured) motorists. *While public policy may require that insurers provide coverage to insureds who are injured by hit-and-run motorists, R.C. 3937.18 does not require coverage for injuries caused by unidentified motorists.* Therefore, because the insurance policy in this case provided, in addition to the basic mandated uninsured coverage, coverage for injuries caused by an *unidentified* motorist, the policy actually provided more protection than that required by statute. The 'physical contact' limitation set forth in the hit-and-run clause is, therefore, neither a violation of R.C. 3937.18 nor of public policy." (Emphasis added in part.) *Rowe,* 28 Ohio St.3d at 145, 28 OBR at 239-240 502 N.E.2d at 1010.

{¶ 26} I believe it is worth emphasizing that neither this court nor the General Assembly has ever equated an "unidentified" motorist with an "uninsured" motorist. Indeed, this court expressly refused to do so in both *Reddick* and *Rowe*. Since our holding in *Reddick* in 1974, R.C. 3937.18 has been amended many times, including most recently in 1994. On any of these occasions the General Assembly could have addressed our holding in *Reddick*. On each occasion it chose not to. The appellant argues, I believe convincingly, that this absence of legislative action indicates the General Assembly's intent to retain the "physical contact" requirement.

{¶ 27} In 1994, R.C. 3937.18(A)(1) was amended to include language that specifically clarifies that "a person is legally entitled to recover damages  if he is able to prove the *elements* of his claim that are *necessary to recover damages from*

*the owner or operator of the uninsured motor vehicle.*"  (Emphasis added.)  This statutory language lends credence to the argument that a "hit and run" accident is not intended by the legislature to be subject to this coverage.

{¶ 28} Because I find no reason to modify *Reddick*, *Yurista* and *Rowe*, I concur in judgment only.

MOYER, C.J., concurs in the foregoing concurring opinion.

————————————

**FRANCIS E. SWEENEY, SR., J., concurring in part and dissenting in part.**

{¶ 29} I strongly agree with the majority that the physical contact requirement is contrary to public policy and R.C. 3937.18 and should be abandoned.  However, I disagree with the majority's creation of a new requirement that insureds seeking recovery cannot go forward with their case unless they can present independent third-party testimony (the corroborative evidence test).  I believe this new requirement is contrary to public policy and undermines the purpose of R.C. 3937.18 by unnecessarily increasing the plaintiff's burden of proof, which will create the harsh result of preventing many insureds with legitimate claims from having any chance of recovery.  The majority's concern of potential fraudulent claims does not outweigh the right of plaintiffs to be given the opportunity to persuade the trier of fact that their claims are valid.  Furthermore, the genuineness of their claims can be adequately tested by our traditional adversary process.  Accordingly, I must dissent.

{¶ 30} The majority correctly notes that R.C. 3937.18 will be "'construed liberally in order to effectuate the legislative purpose that coverage be provided to persons who are injured through the acts of uninsured motorists.'"  See *Travelers Indemnity Co. v. Reddick* (1974) 37 Ohio St.3d 119, 123, 66 O.O.2d 259, 262, 308 N.E.2d 454, 457.  The purpose of Ohio's uninsured motorist statute is to place an injured party in the same position that he or she would otherwise be if the tortfeasor were insured.  *Bartlett v. Nationwide Mut. Ins. Co.* (1973), 33 Ohio St.2d 50, 62

O.O.2d 406, 294 N.E.2d 665. However, while recognizing that uninsured motorist coverage was designed to protect insureds, the majority then contradicts itself by creating a new barrier to recovery, an unnecessary and unjustified requirement that the plaintiff must provide independent third-party testimony to go forward with his or her claim. The majority undermines the purpose of the statute by placing a much higher burden on these insureds then is imposed on other insureds. The result of this decision is that insureds with legitimate claims will be prohibited from presenting their case to a trier of fact solely because no independent third-party witnessed the accident. This is contrary to public policy and R.C. 3937.18.

{¶ 31} Several jurisdictions have specifically rejected both the physical contact and corroboration requirements as contrary to public policy and untenably contrary to the legislative purpose behind uninsured motorist statutes. *Keystone Ins. Co. v. Raffile* (1993), 225 Conn. 223, 622 A.2d 564; *Lanzo v. State Farm Mut. Ins. Co.* (Me.1987), 524 A.2d 47, 50; *Perez v. Am. Bankers Ins. Co.* (1979), 81 N.J. 415, 419, 409 A.2d 269, 271 (imposition of the requirement of corroboration in noncontact cases adds a substantial condition to the mandated coverage not sanctioned by the legislature); *Pin Pin H. Su v. Kemper Ins. Cos./Am. Motorists Ins. Co.* (R.I.1981), 431 A.2d 416, 419. These courts, in weighing the potential of fraudulent claims with the potential loss of valid claims that cannot be corroborated independent of the claimant's version of the facts, have found that "the scale must tip in favor of the claimant and that a standard requiring corroborative evidence independent of the claimant's testimony is not warranted." *Raffile, supra* at 233, 622 A.2d at 570. "The fact that some claims might be manufactured by unscrupulous individuals cannot justify the wholesale rejection of all claims in which injury is caused by an unidentified driver simply because the injured party lacks third party witnesses or physical evidence of an unidentified driver." *Id.* "[A] corroboration requirement would accomplish little to prevent fraud if a claimant, so inclined, would bolster his fraudulent claim with sham 'eyewitnesses' or

12

manufactured corroborative evidence." *Id.* at 234, 622 A.2d at 570. Furthermore, the fear of fraudulent claims does not justify the judicial deprivation of a plaintiff's right to bring an action in tort, as the genuineness of such claims can be adequately tested by our adversary process. *DeMello v. First Ins. Co. of Hawaii, Ltd.* (1974), 55 Haw. 519, 526, 523 P.2d 304, 308. It should not be forgotten that lack of a corroboration requirement, like the elimination of the physical contact requirement, does not diminish the plaintiff's burden to prove that the accident actually did occur. This is a question of fact to be determined by the jury, or the judge if demand for a jury trial is not made. *Brown v. Progressive Mut. Ins. Co.* (Fla.1971), 249 So.2d 429. An injured party should be given the opportunity to sustain the burden of proof that an accident did occur, and should be entitled to recover if the trier of fact so determines, regardless of physical contact or the existence of corroborative evidence. The scarcity of evidence should not defeat the plaintiff's right to persuade the trier of fact that his or her claim is valid. The absence of corroboration is a factor that goes to the weight of the plaintiff's case rather than to his or her ability to bring the case before the trier of fact. *Raffile, supra,* at 236, 622 A.2d at 571. I believe that the traditional tests of credibility, testimony under oath and cross-examination, coupled with plaintiff's burden of proof, are sufficient to provide protection against fraudulent claims. See *id.*

{¶ 32} The above rationale is the same as that employed by other jurisdictions which have determined that the physical contact requirement should be eliminated. See majority opinion, footnote 1. It is interesting that, contrary to the majority's assertion, almost all of the many cases cited in the majority's footnote 1 did *not* impose a corroborative evidence test, or any other test, to replace the physical contact requirement. See *id.* This is not surprising as a corroborative evidence requirement contradicts the rationale that this matter is a question of fact for the jury and that the fear of fraudulent claims does not outweigh denying a plaintiff with no eyewitnesses any chance of recovery. Thus, while the majority

states that "we are confident that the jury system will be able to distinguish between legitimate cases and fraudulent ones," its action of prohibiting a claim to go forward unless the plaintiff has corroborative evidence demonstrates that it does not trust the jury or other trier of fact to determine, based on whatever evidence is presented, whether a claim is false or true.

{¶ 33} In conclusion, while I agree that we should eliminate the physical contact requirement, I do not believe that we should replace it with another unjust and unnecessary requirement.  As the majority so aptly stated, we should be "confident that the jury system will be able to distinguish between legitimate cases and fraudulent ones."

{¶ 34} Based on the foregoing, I would affirm the court of appeals' judgment which found the "physical contact" requirement of the uninsured motorist provision to be invalid and unenforceable.

————————————