[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 17.]

HOWARD ET AL., APPELLANTS, *v*. DODSON ET AL., APPELLANTS; MIDWESTERN INDEMNITY COMPANY, APPELLEE.

[Cite as *Howard v. Dodson*, 1996-Ohio-438.]

*Insurance—Uninsured motorist provision—R.C. 3937.18 and public policy preclude contract provision requiring physical contact for recovery— Corroborative evidence test applied in cases where unidentified driver's negligence causes injury.*

(No. 96-160—Submitted May 21, 1996—Decided July 3, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 95APE06-780.

————————————

*Tsitouris & Gerrity* and *Timothy D. Gerrity*, for appellants Barbara L. Howard, Daniel Howard, Nancy E. Ives and Ronald Ives.

*Lane, Alton & Horst* and *William Scott Lavelle*, for appellants Garry W. Dodson and HBL Automotive, Inc., d.b.a. Lindsay Accura.

*Isaac, Brant, Ledman & Teetor, Donald L. Anspaugh* and *Joanne S. Peters*, for appellee.

————————————

{¶ 1} The discretionary appeal is allowed. The judgment of the court of appeals is reversed on the authority of *Girgis v. State Farm Mut. Auto. Ins. Co*. (1996), 75 Ohio St.3d 302, 662 N.E.2d 280, and the cause is remanded to the trial court for further proceedings.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

————————————