OPINION
On December 19, 1992, appellant, Crit Witherspoon, was operating his vehicle when he swerved to avoid another vehicle, left the roadway and struck a tree. At the time of the accident, appellant was insured by appellee, Allstate Insurance Company.
On December 16, 1994, appellant filed a complaint against appellee seeking uninsured/underinsured motorists coverage. On August 1, 1995, appellee filed a motion for summary judgment. By judgment entry filed September 25, 1995, the trial court granted said motion finding appellant had failed to meet the requirements of the "physical contact" test.
On appeal, this court reversed and remanded the trial court's decision based upon Girgis v. State Farm Mut. Auto Ins. Co.
(1996), 75 Ohio St.3d 302. See, Witherspoon v. Allstate InsuranceCo. (May 24, 1996), Richland App. No. 95-CA-73, unreported.
On July 9, 1997, appellee again filed a motion for summary judgment. By judgment entry filed October 17, 1997, the trial court granted said motion finding appellant had failed to meet the requirements of the "corroborating evidence" test as set forth inGirgis.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT. THE CORROBORATIVE EVIDENCE TEST VIOLATES PUBLIC POLICY AND IS CONTRARY TO THE LEGISLATIVE INTENT OF OHIO REVISED CODE SECTION 3937.18.
 I
Appellant claims the trial court erred in applying the dictates of the Girgis case. We disagree.
Appellant argues the "corroborating evidence" test as set forth in Girgis violates public policy because it is contrary to the legislative intent of R.C. 3937.18, uninsured/underinsured motorists coverage. We decline to overrule the Supreme Court of Ohio's clear language in Girgis at 306-307 wherein the court gave due consideration to public policy issues:
 It has been the practice of insurance companies to provide coverage for `hit and run' accidents, even though that coverage is not required by R.C. 3937.18. Such policy provisions have historically been restricted to `hit and run' accidents and the `hit and run' vehicle. Since R.C. 3937.18 neither requires nor prohibits insurance coverage for `hit and run' accidents, we have analyzed insurance policies providing `hit and run' coverage under the rules of contract law. Accordingly, we have and will enforce the terms of insurance contracts absent compelling public policy reasons to the contrary. (Citations omitted.)
* * *
 Adherence to the physical contact requirement effectively deprives insured individuals of any recovery under uninsured motorist coverage even when independent third-party testimony is available. It strikes us that this is precisely the sort of situation against which uninsured motorist coverage was designed to protect. We also note that R.C. 3937.18 will be `construed liberally in order to effectuate the legislative purpose that coverage be provided to persons who are injured through the acts of uninsured motorists.' (Citations omitted.)
 Thus, to the extent that admissible corroborative evidence was available, we modify Reddick, Yurista and Rowe, and find that R.C. 3937.18 and public policy preclude contract provisions in insurance policies from requiring physical contact as an absolute prerequisite to recovery under the uninsured motorist coverage provision. We believe that public policy considerations should and do require the substitution of the corroborative evidence test for the physical contact requirement. This will ameliorate the harsh effect of an irrebuttable presumption and allow an insured to prove through independent third-party testimony that an unidentified vehicle was a proximate cause of the accident for which the insured seeks recovery.
 We do not take lightly the argument that this decision will lead to an increase in the filing of claims. However, the corroborative evidence test we propound requires independent third-party testimony specifically to protect insurance companies from fraud. We consider the danger of possible fraud acceptable compared with the current situation where insureds with legitimate claims are prevented, as a matter of law, from recovering. Further, we are confident that the jury system will be able to distinguish between legitimate cases and fraudulent ones, as they do in many other matters.
Appellant argues the "corroborating evidence" test was metsub judice because appellee had stipulated to the following facts:
 3. As Crit Witherspoon crested a hill, he became aware of these vehicles approaching him. At this time, the vehicle traveling south in the northbound lane slowed down, creating a space between this vehicle and the vehicle traveling south in the southbound lane. As the vehicle traveling south in the southbound lane passed Crit Witherspoon, Crit swerved his vehicle to the left in order to avoid hitting the vehicle traveling south in the northbound lane. During this incident, Crit Witherspoon's vehicle made no physical contact with either the vehicle traveling south in the southbound lane or the vehicle traveling south in the northbound lane.
 4. In his efforts to avoid the vehicle traveling south in the northbound lane, Crit Witherspoon's vehicles crossed over the southbound lane, left the roadway and struck a tree. As a result of striking this tree, Crit Witherspoon alleges injury.
Stipulations of Fact filed August 1, 1995.
In its notice of filing supplemental authority filed June 16, 1998, appellant cited the case of Bobovnik v. MetropolitanProperty and Casualty Ins. Co. (Ohio App. 7 Dist. 1997),690 N.E.2d 1353, as being analogous to the case sub judice:
 In appellant's own motion for summary judgment, it agrees that there are no disputed questions of fact herein. Furthermore, the referee's report dated April 4, 1994 noted that at the time of the within hearing on both parties' motions for summary judgment, it was agreed by and between the parties that the facts in this matter were not in dispute. Therefore, appellant obviously does not dispute that appellee's injuries arose from a chain of events set in motion by an unidentified tortfeasor who made no contact with appellee or his vehicle. As a result, we do not find independent third-party testimony to be necessary in this case. Appellee has met the corroborative evidence test as established in Girgis, supra.
In the case sub judice, the trial court based its decision of the lack of corroborating evidence on appellant's own concession in his answers to appellee's interrogatories:
 1) Does the plaintiff intend to submit admissible corroborative evidence and/or independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident which is the subject of the Complaint?
ANSWER: None other than Plaintiff
 2) If the answer to the preceding interrogatory is infirmative please state the nature and/or identity of the admissible corroborative evidence or independent third-party testimony that plaintiff intends to submit to the effect that the negligence of an unidentified vehicle was a proximate cause of the accident which is the subject of the Complaint.
ANSWER: Crit Witherspoon
Despite the ingenious twist given to the Girgis rule by theBobovnik court, we find appellant's affirmative statement that there was no corroborating evidence placed this case squarely within the Girgis ruling therefore, the trial court properly granted appellee's motion for summary judgment.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, P.J., Reader, J. concurs. Gwin, J. dissents.