I dissent from the decision reached by the majority.
Appellant invites us to find the corroborating evidence test applied by the trial court to be contrary to public policy and legislative intent. The corroborating evidence test was enunciated by the Ohio Supreme Court in Girgis v. State Farm Mut.Auto Ins. Co. (1996), 75 Ohio St. 3d 302. Of course this court cannot find the Ohio Supreme Court's decisions are contrary to Ohio law. I do find the trial court misapplied the Girgis test, however.
Appellant cited Bobovnik v. Metropolitan Property andCasualty Ins. Co. (1997), 690 N.E.2d 1353 as analogous to the case at bar. The majority dismisses Judge Cox's well-reasoned opinion as an "ingenious twist". I find Bobovnik analogous to the case at bar, and more faithful to Ohio law than the majority's approach. R.C. 3937.18 and public policy as specifically cited byGirgis, supra, are better served by applying the corroborating evidence test to effectuate the legislative purpose of providing persons injured through the acts of uninsured motorists with insurance coverage, see Girgis, at 306, citing Travelers'Indemnity Co. v. Reddick (1974), 37 Ohio St.2d 117 at 123 andCurran v. State Auto Mutual Ins. Co. (1971), 25 Ohio St.2d 33.
As the Girgis court noted, the purpose underlying the rule is to balance the risk of fraudulent claims by motorists against the practical difficulties in proving a hit-and-run case. Here, the parties have stipulated the facts, and the court should decide the case on the facts rather than an artificial and strained construction of the Girgis rule, a rule fashioned to prevent the very result reached by the majority.
I would reverse and remand the matter to the trial court.
JUDGE W. SCOTT GWIN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.