OPINION
Plaintiff-appellant, Christina Durham, appeals the decision of the Clermont County Court of Common Pleas dismissing her claim for uninsured/underinsured motorist coverage.
On December 28, 1995, appellant was traveling as a passenger in an automobile driven by her cousin, Margaret Knabe. Their vehicle was traveling east on State Route 74 in Clermont County, Ohio. At some point, a pickup truck, traveling in the opposite direction, veered across the center line and into Knabe's lane. Knabe testified that, in order to avoid a head-on collision with the truck, she had to swerve off the road causing her to strike a tree. Appellant's testimony contradicted Knabe's. Appellant testified that the truck had turned onto State Route 74 and swung momentarily into the oncoming lane, but the truck veered back into its own lane within ample time to avoid a head-on collision. Appellant testified that Knabe "freaked out," swerved off the road, and hit the tree.
It is undisputed that appellant sustained physical injury when the car struck the tree. It is also undisputed that the driver of the pickup truck did not stop after the accident, and that the truck did not make physical contact with Knabe's vehicle.
At the time of the accident, defendant-appellee, Employers Fire Insurance Company ("Employers"), provided motor vehicle insurance to appellant including uninsured/underinsured coverage. The policy language provided uninsured/underinsured coverage in hit-and-run accidents so long as the phantom vehicle actually "hit" the vehicle occupied by the insured. In Girgis v. State Farm Mut. Auto. Ins. Co. (1996), 75 Ohio St.3d 302, the Ohio Supreme Court addressed this physical contact requirement for uninsured/underinsured coverage. In Girgis, the court carved out an exception to the hard-and-fast physical contact requirement in insurance contracts. The court held that even if there was no physical contact, the plaintiff's claim could still go forward "if there is independent third-party testimony that the negligence of an inidentified vehicle was a proximate cause of the accident." Id. at paragraph two of the syllabus.
Appellant attempted to offer Knabe's testimony as independent corroborative evidence under Girgis. By its December 4, 1998 decision and February 17, 1999 entry, the trial court found that Knabe could not qualify as an independent third-party witness under Girgis. The trial court stated that "[w]here the proposed independent third party witness is a party to the action, was the driver of the automobile insured was a passenger in, and may have been negligent in her operation of the vehicle, this Court finds that she has a `stake' in the claim." Accordingly, the trial court dismissed appellant's claim for uninsured/underinsured coverage from Employers.
Appellant filed this appeal raising the following single assignment of error:
 The Trial Court Erred By Dismissing Appellant's Claim For Uninsured Motorist Coverage.
The issue we must determine is whether Knabe's testimony qualifies as independent third-party corroboration under Girgis, where Knabe is a defendant in the action.
In Girgis, the Ohio Supreme Court set forth the corroborative evidence exception to the physical contact requirement, but the court provided little instruction regarding who may qualify as an independent third-party for purposes of the test. Several recent appellate decisions have sought to address this issue. The Eleventh District Court of Appeals decided Globe Amer. Cas. Co. v. Feterle (Nov. 21, 1997), Portage App. No. 96-P-0220, unreported, appeal not allowed (1998), 81 Ohio St.3d 1468. In Globe, the court held that the witness-spouse was not an independent third party because she had a "stake" in the claim. The Eleventh District also decided Wollpert v. State Farm Automobile Mutual Ins. Co. (June 27, 1997), Lake App. No. 96-L-093, unreported, appeal not allowed (1997), 80 Ohio St.3d 1448. In Wollpert, the claimant's husband died in an auto accident. The court held that the witness-spouse could not provide independent third-party testimony in support of her own claim; however, she could provide such testimony in support of her daughters' claims. In Bobovnik v. Metropolitan Property and Casualty Ins. Co. (1997), 117 Ohio App.3d 578, the Court of Appeals for Mahoning County held that independent third-party corroboration was not necessary where the parties had already stipulated that the claimant's injuries were caused by the unidentified tortfeasor. The Fifth District Court of Appeals decided Witherspoon v. Allstate Ins. Co. (June 26, 1998), Richland App. No. 97CA114, unreported, appeal dismissed (1999),85 Ohio St.3d 1414. In Witherspoon, the parties stipulated to the existence of an unidentified driver; however, the court declined to follow Bobovnik because the claimant in Witherspoon could provide no third-party testimony in support of his claim.
Our review of these cases reveals no case directly on point with the facts of the case before us. Here, the proposed independent third-party witness is actually a defendant in the action. As such, appellant is arguing that Knabe's negligence proximately caused her injuries. Since there are no appellate cases directly on point, we must reconsider the reasoning and underlying policies of Girgis in light of the facts of the case before us.
The general policy underlying the physical contact requirement in insurance contracts is the prevention of fraud. We note that Girgis did nothing to undercut the importance of combating insurance fraud. In Girgis, the court stated that "because we remain committed to the underlying policy of preventing fraud, we adopt the corroborative evidence rule which prevents fraud and avoids the injustice of prohibiting legitimate claims solely because no physical contact occurred." Girgis, 75 Ohio St. 3d at 306. The prevention of fraud is precisely the reason Girgis requires that the third-party witness be "independent."
This case involves two teenage cousins, one the plaintiff, and one a defendant in the case. As an alleged tortfeasor, Knabe has incentive to shift liability away from herself and place it on the unidentified driver, defendant John Doe. As such, Knabe has a stake in the outcome of this litigation. Therefore, we find that she cannot qualify as an independent third-party witness to satisfy the corroborative evidence test under Girgis. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.