I respectfully dissent.
Annette Combs and John Combs had a policy of insurance with Allstate Insurance Company ("Allstate") on October 13, 1995. Annette alleges that during the afternoon of October 13, 1995, she swerved to avoid another vehicle which ran a red light. The other vehicle kept right on going and could not be identified.
Annette says that when she swerved sharply to avoid the other vehicle, she ran into the curb so hard that it damaged the rim to her right front tire. She also claims injuries as a result of the force of striking the curb.
Annette and John Combs now probably have serious doubts that they were "in good hands with Allstate." Allstate has refused to pay anything for Annette's injuries — not even her medical bills which purportedly now exceed $25,000.
I would find the history obtained by Annette's treating physician to be sufficient independent corroborative evidence of Annette's version of the facts. Medical histories are as a rule admissible under the Ohio Rules of Evidence. See Evid.R. 803(4).
Further, John Combs' seeing the damaged tire rim is sufficient corroborative evidence as to Annette's claims.
Finally, the Supreme Court of Ohio should use this case to clarify the holding in Girgis v. State Farm Mut. Auto. Ins. Co.
(1996), 75 Ohio St.3d 302. "Good neighbor" State Farm refused to pay the Girgis family until the Supreme Court of Ohio found that insurance contracts could not legally contain provisions which required actual physical contact between vehicles before payment was due. The Supreme Court of Ohio should reach a similar result under the facts of the Combs case.
Since a majority of this panel allows enforcement of a provision in an insurance contract which I believe the Supreme Court of Ohio has held to be unenforceable, I respectfully dissent.