**GAYHEART, Appellant,**

**v.**

**DOE; Allstate Indemnity Company, Appellee.**

[Cite as *Gayheart v. Doe* (2001), 143 Ohio App.3d 692.]

Court of Appeals of Ohio,
Fourth District, Vinton County.

No. 00CA539

Decided May 31, 2001.

*Steven L. Story,* for appellant.

*Crabbe Brown Jones Potts & Schmidt* and *Daniel J. Hurley,* for appellee.

---

EVANS, Judge.

This is an appeal from the judgment of the Vinton County Court of Common Pleas, which granted defendant-appellee Allstate Indemnity Company's motion for summary judgment under Civ.R. 56. Plaintiff-appellant Lagina Gayheart

argues that the trial court erred in granting the motion because *Girgis v. State Farm Mut. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280, which requires the application of a corroborative-evidence test in order for a claim made under one's uninsured motorist insurance to go forward, was satisfied by the testimony of appellant's husband. Because the trial court properly applied the corroborative-evidence test in granting this summary judgment motion, we find appellant's argument to be without merit and affirm the judgment of the court below.

On October 26, 1996, Lagina Gayheart was involved in a motor vehicle accident on State Route 124 in Vinton County, Ohio, from which she suffered several injuries. While driving, appellant's vehicle went off the right of the roadway, into a ditch, and struck a tree. According to appellant's deposition, another vehicle, driving in the opposing lane, had its high beams on and crossed the center line into her lane, forcing her to leave the roadway. She further testified that the other vehicle was traveling at a high rate of speed. This phantom driver and vehicle were never identified.

At the time, appellant's husband, Bobby Gayheart, and his brother, Todd Gayheart, were also in the vehicle. Bobby Gayheart was seated in the front seat of the car at the time of the accident, while Todd was in the back seat. Todd Gayheart died in a separate car accident a few months after the one discussed here and never gave a statement, nor was he deposed prior to his death. On the other hand, appellant's husband was deposed and his testimony regarding the oncoming vehicle was essentially the same as his wife's.

On October 29, 1998, in the Vinton County Court of Common Pleas, appellant filed a complaint for personal injury against John Doe, the unidentified driver of the other vehicle, and Allstate Indemnity Company ("Allstate"), with whom she had an insurance policy. Allstate timely filed its answer on November 12, 1998. After the September 7, 1999 depositions of Bobby and Lagina Gayheart, Allstate filed a motion for summary judgment on the grounds that appellant did not have the requisite independent third-party testimony to corroborate her claim about the phantom vehicle, and that no uninsured motorist claim, therefore, existed. Appellant also filed a motion for summary judgment on December 10, 1999. The trial court granted Allstate's motion and denied that of appellant.

Appellant filed a timely notice of appeal and presents for our review the following assignment of error:

"The trial court erred to the substantial prejudice of the plaintiff/appellant in granting summary judgment to the defendant, Allstate Insurance Company, when there was independent corroborative evidence supplied by the plaintiff sufficient to satisfy the *Girgis* standard on the issue of coverage for the plaintiff's policy of uninsured motorist."

■ A *de novo* review of the record must be conducted, as we are reviewing the trial court's granting of summary judgment pursuant to Civ.R. 56. *Renner v. Derin Acquisition Corp.* (1996), 111 Ohio App.3d 326, 676 N.E.2d 151.

As the Supreme Court of Ohio stated in *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1132:

"Under Civ.R. 56, summary judgment is proper when '(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. * * *' Trial courts should award summary judgment with caution, being careful to resolve doubts and constructive evidence in favor of the nonmoving party. * * * Nevertheless, summary judgment is appropriate where a plaintiff fails to produce evidence supporting the essentials of its claim. * * *"

Therefore, we must commence with a determination of what the appellant was required to show in order for her claim to survive summary judgment.

■ In *Girgis v. State Farm Mut. Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280, the Supreme Court of Ohio held invalid, as contrary to public policy, certain insurance contract provisions. Those contracts required that in order for the insured to recover under his uninsured motorist policy, actual contact must have taken place between the unidentified driver's vehicle and the insured's vehicle. *Id.* In place of the actual-contact requirement, the court held: "The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident." *Id.*, paragraph two of the syllabus. Therefore, in order for appellant to survive the motion for summary judgment, as filed in the case at bar, she must be able to show the existence of evidence, specifically, independent third-party testimony, that corroborates her version of events the night of the accident. *Id.*

The main issue in the case *sub judice* is whether appellant's husband is capable of providing the requisite independent third-party testimony. Obviously, the parties hold opposing views as to this issue.

Appellant claims that the trial court, in granting the motion for summary judgment, erroneously relied on the decisions of *Willford v. Allstate Indemn. Co.* (Nov. 10, 1997), Franklin App. No. 97APE05-657, unreported, 1997 WL 710608,

and *Globe Am. Cas. Co. v. Feterle* (Nov. 21, 1997), Portage App. No. 96–P–0220, unreported, 1997 WL 752628. Consequently we will discuss these cases in turn.

In *Willford*, the Tenth District Court of Appeals affirmed a trial court that had granted summary judgment in favor of the insurance provider because the plaintiff had no independent third-party testimony to corroborate his own testimony. The plaintiff argued that his statement, submitted through the testimony of the investigating police officer, was independent third-party testimony for purposes of *Girgis*. The court there found that the officer's testimony was insufficient to meet *Girgis*, since it was merely the repetition of the plaintiff's statements and contained no independent observations of the accident or of evidence at the accident scene that another vehicle was involved. See *Willford*.

In *Feterle*, the Eleventh District Court of Appeals affirmed the granting of summary judgment by a trial court in favor of the defendant, since the defendant had independent third-party testimony. The defendant was riding his motorcycle in a wedding procession when an unidentified vehicle forced him off the road, causing him property damage and bodily injury. Defendant then filed claims under his uninsured motorist policy that were denied because no contact occurred between the phantom vehicle and defendant. The insurance company sought a declaratory judgment that defendant's accident was not covered by its policy.

In *Feterle*, the defendant initially relied on an affidavit of his wife, who had witnessed the unidentified vehicle force her husband off the road. In addressing the issue of whether the wife constitutes an independent third party, for the purposes of providing corroborative evidence of her husband's claim, the court held that a spouse is not an independent third party. The court relied on its prior ruling in *Wollpert v. State Farm Auto. Mut. Ins. Co.* (June 27, 1997), Lake App. No. 96–L–093, unreported, 1997 WL 401558, where it reasoned that an individual who has a financial "stake" in a claim cannot provide independent third-party testimony. The court further reasoned that a wife would clearly have a stake in her husband's claim. *Id.*

In the case at bar, appellant claims that the negligence of an unidentified driver caused her to steer her car off the road and into a ditch, resulting in a number of injuries to her. The only other witness to the accident available to testify is her husband. There is no doubt that the husband's testimony clearly corroborates appellant's version of events, but the Supreme Court of Ohio has established a standard that requires such corroborative testimony to come from an independent third party. See *Girgis, supra.*

Appellant argues that her husband is an independent third-party witness because he is not a party to the lawsuit and has not asserted any claims against Allstate, either on his own behalf or actions derivative of his wife's claims. In

*Wollpert,* the wife had asserted claims against the unknown driver for which her insurance provider would be liable if proven. The plaintiff had claims as both administrator of her late husband's estate and derivative claims sounding in wrongful death, survivorship, and loss of consortium. *Id.* Clearly, had appellant's husband asserted a claim for loss of consortium or the like, as the plaintiff in *Wollpert* did, he would not be an independent third-party witness, because he would derive a direct financial benefit from his wife's claim. See *Wollpert, supra.* However, appellant's husband has made no claim against the unknown driver for which appellant's insurance provider may be liable.

In issuing its holding in *Girgis,* the Supreme Court of Ohio stated that among its reasons for applying the corroborative-evidence test was the balancing of the interests of motorists whose injuries were caused by the negligence of a phantom driver and the prevention of fraudulent claims. *Girgis,* 75 Ohio St.3d at 306–307, 662 N.E.2d at 283. The Supreme Court of Ohio further stated that it was "confident that the jury system [would] be able to distinguish between legitimate cases and fraudulent ones, as they do in many other matters." *Id.* at 307, 662 N.E.2d at 284.

In its ruling, the *Wollpert* court also recognized the Supreme Court of Ohio's purpose of preventing fraudulent claims from going forward. See *Wollpert.* In applying the corroborative-evidence test, the court noted that by finding a spouse incapable of providing the required independent third-party testimony, it was not preventing all witnesses who might be potentially biased from being an independent party who can provide corroborating testimony. *Id.* Under *Wollpert,* a close friend may be able to provide independent third-party testimony if he or she does not have a financial interest in the claim. The court further stated that "this court would emphasize that any possible bias on the part of an independent third-party witness is a factor which a jury can consider in determining whether to believe the testimony of that witness." *Wollpert, supra.*

However, unlike a friendship or other relationships, the marital relationship provides far more than just a bias toward assisting a friend. The marital relationship has certain obligations and rights between the spouses that give rise to one spouse having a stake or claim in the outcome of the other spouse's litigation. For example, R.C. 3103.03 provides that "[e]ach married person must support the person's self and spouse out of the person's property or by the person's labor. If a married person is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able." R.C. 3105.171 provides that in the event of a divorce, marital property is to be divided equitably between the two spouses. Finally, R.C. 2105.06 establishes the rights of a

surviving spouse in the deceased spouse's property, while R.C. 2106.01 *et seq.* provides a means for a spouse to enforce his or her rights in the deceased spouse's property.

■ These statutes only serve to illustrate that a husband or wife has a financial stake in the legal claims of his or her spouse and as such cannot be an independent third party for the purposes of providing corroborating testimony under *Girgis.* See *Wollpert, supra.*

■ Therefore, as appellant has failed to provide the required independent third-party testimony to corroborate that another vehicle was the proximate cause of her injuries, as required by *Girgis,* summary judgment in favor of appellee was properly granted by the trial court.

Accordingly, appellant's assignment of error is overruled, and the judgment of the court below is affirmed.

*Judgment affirmed.*

HARSHA, J., concurs separately.

KLINE, J., concurs in judgment only.

HARSHA, Judge, concurring.

I concur in judgment and opinion because it applies the law as pronounced in the second paragraph of the syllabus of *Girgis.* Nonetheless, I am forced to inquire why, if the jury system is "able to distinguish between legitimate cases and fraudulent ones" in most matters, see *Girgis* at 307, 662 N.E.2d 280, it would be unable to do so in these types of cases?