DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas. Finding the recent Tenth District Court of Appeals caseHassan v. Progressive Ins. Co. persuasive, we hereby reverse the decision of the trial court. (June 21, 2001), Franklin App. No. 00AP-1137, unreported.
On July 27, 1999, appellant, Mary Dunne, was driving on Secor Road in Toledo when her car was struck from behind by another car. Mary Dunne stopped her car and went into a nearby restaurant to call an ambulance for her daughter and passenger, appellant Melissa Dunne. Melissa Dunne remained seated in the car. While Mary Dunne was in the restaurant, the occupants of the car that had struck the Dunne car got out and approached Melissa Dunne. One of the occupants identified herself as "Dominque" and gave Melissa Dunne a phone number. The occupants then returned to their car and drove away. Neither Melissa Dunne nor Mary Dunne got the license plate number of the other car. When Melissa Dunne later attempted to reach "Dominque" at the phone number she had been given, she discovered the number was fictitious.
Both appellants sustained neck injuries as a result of the accident. Appellants' insurer, appellee Nationwide Insurance Company, denied appellants uninsured motorists coverage for their injuries. On January 4, 2000, appellants filed a declaratory judgment action seeking coverage from appellee. On January 25, 2001, the court granted appellee's motion for summary judgment. Appellants now appeal setting forth the following assignments of error:
 "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEE AS R.C. SEC. 3937.18(D)(2) IS NOT APPLICABLE TO THE INSTANT CASE.
 "II. EVEN IF R.C. SEC. 3937.18(D)(2) APPLIES, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS INDEPENDENT CORROBORATIVE EVIDENCE OF A COLLISION EXISTS."
Appellants assignments of error will be addressed together.
R.C. 3937.18(D)(2) states:
 "For the purpose of this section, a motor vehicle shall be deemed uninsured in either of the following circumstances:
"* * *
 "The identity of the owner and operator of the motor vehicle cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For purposes of this division, the testimony of any insured seeking recovery from the insurer shall not constitute independent corroborative evidence, unless the testimony is supported by additional evidence."
The trial court granted appellee summary judgment based on the fact that the only evidence that existed to prove appellants' claim came from the appellants themselves, two people with a "stake" in the outcome of the case. Lacking independent third party evidence that another vehicle was involved, the court concluded that appellants had no claim.
In the past, many insurers refused to provide uninsured motorist coverage in cases where an unknown negligent driver left the scene of the accident and there was no evidence of physical contact between the negligent driver's car and the insured driver's car. The Ohio Supreme Court rejected this so-called "no contact rule" in Girgis v. State FarmMut. Auto. Ins. Co. (1996), 75 Ohio St.3d 302, paragraph one and two of the syllabus. The court held:
 "* * * R.C. 3937.18 and public policy preclude contract provisions in insurance policies from requiring physical contact as an absolute prerequisite to recovery under the uninsured motorist coverage provision. We believe that public policy considerations should and do require the substitution of the corroborative evidence test for the physical contact requirement. This will ameliorate the harsh effect of an irrebuttable presumption and allow an insured to prove through independent third party testimony that an unidentified vehicle was a proximate cause of the accident for which the insured seeks recovery." Id. 306-307.
The court clarified its ruling as follows:
 "* * * the corroborative evidence test we propound requires independent third-party testimony specifically to protect insurance companies from fraud. We consider the danger of possible fraud acceptable compared with the current situation where insureds with legitimate claims are prevented, as a matter of law, from recovering."
In Hassan v. Progressive, supra, the Tenth District Court of Appeals explored the meaning of the term "independent corroborative witness" pursuant to the Girgis case. The Tenth District concluded that the word "independent" should not exclude all witnesses who have a potential claim.
 "We need not, and should not, judicially foreclose recovery by all those who have been injured by an unidentified motorist, who are also unlucky enough to be unable to locate the "ideal" third-party witness, one who has absolutely no tie or connection to the accident. Take for example a hypothetical situation in which an unidentified driver wrongfully forces a busload of passengers off the road. Under defendant's proposition of law, not one of the individuals on that bus could testify as to the cause of the accident. The Girgis
court certainly could not have intended such a result."
The court interpreted "independent" to mean "from another source" as opposed to "without all potential or theoretical interest." Addressing the issue of a possible claimant's inherent bias, the court reaffirmed its faith in this country's jury system. "* * * [O]ur jury system is designed to separate the wheat from the chaff, the legitimate from the fraudulent, as they do every day."
Based on the reasoning of the Hassan case, we find that 1there exists a genuine issue of material fact as to whether or not appellants have a cognizable claim for coverage and the court erred in granting appellee's motion for summary judgment. Appellants' two assignments of error are found well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Common Pleas Court is reversed and remanded for further proceedings not inconsistent with this decision. Costs assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.