OPINION
{¶ 1} This is an appeal from a summary judgment for theinsurer on an insured's claim for breach of contract.
 {¶ 2} Thomas Connell allegedly suffered injuries to his leftfoot on February 29, 2002, when he was struck by an automobilewhile crossing Wilkinson Street in Dayton. The driver sped awayand was never identified. Connell obtained no statements fromeyewitnesses and no police report was filed.
 {¶ 3} Connell was covered by a policy of automobile liabilityinsurance issued by United Services Automobile Association("USAA") when the accident occurred. The policy containsuninsured/underinsured motorist ("UM/UIM") coverage for Connell'sbenefit. Provisions of the policy pertinent to UM/UIMindemnification that Connell sought from USAA for his injuriesstate:
 {¶ 4} "B. Uninsured motor vehicle means a land motor vehicleor trailer of any type:
 {¶ 5} "3. That is a hit-and-run motor vehicle. This means amotor vehicle whose owner and operator cannot be identified andthat hits, or is the proximate cause of bodily injury withouthitting:
 {¶ 6} "a. You or any family member;
 {¶ 7} "b. A vehicle you or any family member are occupying;or
 {¶ 8} "c. Your covered auto."
 {¶ 9} This provision further states:
 {¶ 10} "The facts of the accident or intentional act must beproved. We will only accept independent corroborative evidenceother than the testimony of a covered person making a claim underthis coverage unless such testimony is supported by additionalevidence."
 {¶ 11} USAA denied coverage because Connell could provide notestimony other than his own corroborating the facts of theaccident. Connell commenced an action for breach of contract. Thetrial court granted USAA's motion for summary judgment. Connellfiled a timely notice of appeal.
 {¶ 12} App.R. 16(A) requires appellants to include certainmatters in an appellant's brief. Paragraph (3) provides for "[a]statement of the assignments of error presented for review, withreference to the place in the record where each error isreflected." The brief that Connell filed fails to set up anassignment of error. Nevertheless, from his argument we surmisethat Connell complains that the trial court erred when it grantedUSAA's motion for summary judgment
 {¶ 13} USAA's motion relied on the terms of its policy and therelated authority of Girgis v. State Farm Mut. Auto. Ins. Co.,75 Ohio St.3d 302, 1996-Ohio-111. The trial court relied on bothwhen it granted summary judgment for USAA.
 {¶ 14} In Girgis, the Supreme Court rejected evidence of"physical contact" as a condition for UM/UIM coverage availablefor injuries allegedly caused by unidentified hit-and-rundrivers. The court had previously approved of the physicalcontact requirement as a reasonable measure to prevent fraud. SeeTravelers Indmn. Co. v. Reddick (1974), 37 Ohio St.2d 119.Instead, per Girgis, "[t]he test to be applied in cases wherean unidentified driver's negligence causes injury is thecorroborative evidence test, which allows the claim to go forwardif there is independent third-party testimony that the negligenceof an uninsured vehicle was a proximate cause of the accident."Id., paragraph two of the Syllabus.
 {¶ 15} The Girgis test holds that evidence of the injuryinvolved and the insured's own testimony concerning how theinjury occurred, separately or together, are insufficient toprove the facts of a hit-and-run accident which is alleged tohave proximately caused the injury for which UM/UIM coverage isotherwise available. Evidence independent of both, in the form ofindependent third-party testimony which corroborates the facts ofthe accident, is required to trigger the coverage a policy ofinsurance provides.
 {¶ 16} The test employed in the USAA policy is broader thanthe Girgis test. It accepts the testimony of the coveredperson, apart from any "independent corroborative evidence," ifthe covered person's testimony "is supported by additionalevidence." This reference to additional evidence reads back intothe equation the probative value of the injury itself whichGirgis had effectively read out.
 {¶ 17} Insurance policies are contracts and, as such, therights and duties of the parties are determined by the policy'sterms, unless otherwise prohibited by law. Westfield InsuranceCo. v. Galatis, 100 Ohio St. 3d 1548. On that rationale, apolicy may impose a more relaxed standard for requiring coveragethan the law otherwise provides. Any ambiguity in that regardmust be construed strictly against the insurer and liberally infavor of the insured. King v. Nationwide Insurance Co. (1988),35 Ohio St.3d 208.
 {¶ 18} USAA argues that Girgis requires more than Connell'suncorroborated testimony to show that his injury was caused bynegligence of a hit-and-run driver. We agree. But the languagethat USAA employed in writing the policy expands the narrowGirgis requirement by also allowing unrestricted "additionalevidence" of another kind that supports the insured's testimony.The policy specified additional evidence not, as the partiescontend in their briefs, "additional testimony." Testimony is butone of several species of evidence. Physical evidence is another,and evidence of the injuries to Connell's foot is physicalevidence from which a jury might infer that Connell was injuredin the accident as he claims he was.
 {¶ 19} USAA argues that, even on that standard, Connell'sclaim fails because he has no evidence of physical injury, apartfrom his own pronouncement that he was injured. USAA relies on astipulation between the parties which states: "Plaintiff has noindependent corroborating evidence of this occurrence at thescene."
 {¶ 20} The sense of the stipulation is that Connell has noindependent third-party testimony of an eyewitness to theaccident concerning how it occurred, the Girgis requirement. Itdoes not follow from the stipulation that Connell lacks anymedical evidence additional to his own testimony thatcorroborates his claim.
 {¶ 21} The parties also stipulated that ". . . plaintiff isclaim(ing) a plantar fasciatus injury to his foot." In adeposition taken on July 31, 2002, Connell testified that he metwith a podiatrist, Dr. Dixie Dooley, approximately five daysafter the incident. USAA impeached this statement with areference to medical records that show Connell didn't meet withDr. Dooley until approximately 10 days after the incident.
 {¶ 22} In his testimony, Connell described his injury as atear of the "fibrous tissue of the arch," but did not relate Dr.Dooley's full diagnosis or prognosis. He does recall that duringthe first visit Dr. Dooley conducted an examination, took X-rays,scheduled an MRI, and prescribed Vioxx for pain relief. The MRIoccurred about four weeks later. Connell recalls keeping severalappointments with Dr. Dooley, but was unable to recall what wasdone during those visits.
 {¶ 23} Connell testified that he began wearing a walking castand seeing a physical therapist after the MRI. Counsel for USAAimpeached this statement by referring to records that showConnell didn't begin physical therapy until almost six monthsafter the incident.
 {¶ 24} Connell last saw Dr. Dooley in August 2001. Connelltestified that there is now an inherent weakness in his left footdue to the injury, which forces him to take Vioxx on occasion andwear orthopedic devices in his shoes. There are no copies of therecords USAA's attorney used in their impeachment in the record.
 {¶ 25} As a final point on this matter, we note that in itsfilings in response to the court's pretrial orders USAA statedthat it would offer copies of Connell's medical records inevidence. On that assurance, it is understandable that Connelloffered none in response to USAA's motion for summary judgmentrelying on the standard in Girgis, which the terms of USAA'spolicy abandoned by adopting a more relaxed evidentiarystandard.
 {¶ 26} We reached a different result on much the same facts inCraig v. Midwestern Indemnity Company (May 16, 1997), ChampaignApp. No. 96-CA-16. There was one crucial difference, however. Thepolicy in Craig imposed the physical contact requirementrejected in Girgis. Therefore, we applied the rule of Girgis,which limits the corroborative evidence required to independentthird-party testimony. The provision of the USAA policy, as wehave said, is broader than that, accepting the insured's owntestimony if supported by "additional evidence."
 {¶ 27} We conclude that Connell's testimony and evidence ofthe injury he suffered, if believed, is sufficient to trigger thepromise of UM/UIM coverage in USAA's policy. Because USAA adopteda standard of proof broader than the Girgis standard when USAAdrafted its policy, which is a contract to which the partiesagreed, USAA cannot invoke the Girgis standard to denycoverage. And, while the terms of the USAA policy may beambiguous with respect to the standard to be applied, theambiguity must be construed in favor of the policyholder,Connell, not USAA. Therefore, the trial court erred when itgranted summary judgment to USAA on its motion.
 {¶ 28} The assignment of error is sustained. The summaryjudgment for USAA will be reversed and the matter remanded forfurther proceedings on Connell's breach of contract claim.
 Fain, P.J. and Wolff, J., concur.