JOURNAL ENTRY and OPINION
{¶ 1} Appellants/cross-appellees Ronald and Nikki Rose (collectively referred to as the "Roses") and appellant/cross-appellee Nationwide Mutual Insurance Company ("Nationwide") appeal the trial court's decision granting summary judgment to appellee/cross-appellant Clarendon National Insurance Company ("Clarendon"). Clarendon cross-appeals the trial court's finding that UM/UIM coverage arose by operation of law.
 I. FACTS {¶ 2} Ronald Rose was struck by an unidentified motorist while, in the course and scope of his employment with the City of Garfield Heights as a police officer, he exited his cruiser to pick up debris along the road. The unidentified motorist drove off without assisting Ronald Rose. Ronald Rose fell to the ground, lost consciousness, and returned to his cruiser to call dispatch for help when he regained consciousness. Lieutenant Wolske responded to the dispatch call and observed that Ronald Rose's uniform was dirty and the left side of his head and his left hand wrist appeared swollen. Lt. Wolske then drove Ronald Rose to the emergency room, where he was treated for blunt head trauma, multiple contusions, and traumatic microhematuria (blood in his urine). Lt. Wolske also returned to the scene of the "hit and run," but was unable to find any traces of vehicle debris or any other traces of the vehicle that struck Ronald Rose. Lt. Wolske prepared a memo to the police chief describing the accident and concluding that Ronald Rose was struck by an unidentified motorist.
 {¶ 3} Ronald Rose made a claim under his personal auto policy with Nationwide for UM coverage. Nationwide paid Ronald Rose the full $50,000 UM policy limits. After realizing that the City of Garfield Heights had an auto liability policy through Clarendon and that Ronald Rose might have a claim for UM coverage, the Roses filed a complaint against Clarendon and the City of Garfield Heights. Nationwide was also named as a defendant for the purposes of filing their cross-claim against Clarendon for their pro rata share of the UM payments.
 {¶ 4} The Roses filed a motion for summary judgment, arguing that because Clarendon failed to offer UM/UIM coverage to the City of Garfield Heights, UM/UIM coverage arose by operation of law. Clarendon filed its own motion for summary judgment, arguing that even if UM/UIM coverage arises by operation of law, the Roses are not entitled to any UM/UIM coverage because the "hit and run" accident by an unidentified motorist was not supported by independent corroborative evidence other than Ronald Rose's own recitation of the event. The trial court, while finding that UM/UIM coverage arose by operation of law, granted Clarendon's motion for summary judgment, finding that Ronald Rose's own affidavit and police report contained no independent corroborative evidence sufficient to meet the evidentiary threshold requirement to make a UM claim pursuant to R.C.3937.18(D)(2). As a result, the trial court found Nationwide's motion for summary judgment (i.e., the cross-claim for indemnification and/or contribution) to be moot. The Roses and Nationwide now appeal and Clarendon cross-appeals.
 II. THE ROSES' AND NATIONWIDE'S APPEAL {¶ 5} Although the Roses cite three assignments of error, the gravamen of their appeal argues that the trial court erred in granting Clarendon's motion for summary judgment. They argue that Ronald Rose's affidavit of the accident was corroborated by independent evidence, such as the medical records, Lt. Wolske's report, and the report of Nationwide's claims adjuster, sufficient to meet the evidentiary threshold under R.C.3937.18(D)(2). There is merit to the Roses' argument.
 {¶ 6} R.C. 3937.18(D)(2) provided as follows:
 {¶ 7} "For the purposes of this section, a motor vehicle shall be deemed uninsured in either of the following circumstances:
 {¶ 8} "* * *
 {¶ 9} "(2) the identity of the owner and operator of the motor vehicle cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For purposes of this division, the testimony of any insured seeking recovery from the insurer shall not constitute independent corroborative evidence, unless the testimony is supported by additional evidence."
 {¶ 10} This evidentiary threshold requirement — "independent corroborative evidence" — was met by the Roses by way of medical records and Lt. Wolske's report (at least as much to create a genuine issue of material fact). The medical records showed that Ronald Rose suffered a physical injury and Lt. Wolske was able to corroborate that Ronald Rose appeared injured and his uniform appeared dirty. While the stated purpose of this requirement is to avoid fraudulent claims when there is an unidentified motorist, it cannot be construed in such a way as to require eyewitnesses. Just like the Second District Court of Appeals held in Connell v. United Servs. Automobile Ass'n., Montgomery App. No. 20282, 2004-Ohio-2726, ¶ 16, where "additional physical evidence in the form of the insured party's injured foot was sufficient evidence from which a jury could have inferred that the insured party was injured as he had claimed," the medical records detailing Ronald Rose's injuries constitute "additional physical evidence." In Connell, the insurance policy was similar to Nationwide's policy and Clarendon's policy, as well as the language in R.C. 3739.18(D)(2). The insurer in Connell
argued that upon the authority of Girgis v. State Farm Mut.Auto. Ins. Co., 75 Ohio St.3d 302, 1996-Ohio-111,662 N.E.2d 280:
 {¶ 11} "[t]he test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an uninsured vehicle was a proximate cause of the accident."
 {¶ 12} The Connell court explained that Girgis holds that evidence of the injury involved and the insured's own testimony concerning how the injury occurred, separately or together, are insufficient to prove the facts of a hit-and-run accident which is alleged to have proximately caused the injury for which UM/UIM coverage is otherwise available. Thus, under Girgis, evidence independent of both, in the form of independent third-party testimony which corroborates the facts of the accident, is required to trigger the coverage a policy of insurance provides. However, unlike Girgis, the insurer in Connell had a much broader test in its policy it offered to the insured. The policy accepts the testimony of the covered person, apart from any "independent corroborative evidence," if the covered person's testimony "is supported by additional evidence." The insured's policy in Connell provided as follows:
 {¶ 13} "The facts of the accident or intentional act must be proved. We will only accept independent corroborative evidence other than the testimony of a covered person making a claim under this coverage unless such testimony is supported by additional evidence." 2004-Ohio-2726 at ¶ 10.
 {¶ 14} As held by Connell, "[t]his reference to additional evidence reads back into the equation the probative value of the injury itself which Girgis had effectively read out." Id. at ¶ 16.
 {¶ 15} Likewise, the Clarendon policy issued to the City of Garfield Heights provides as follows:
 {¶ 16} "[t]he facts of the `accident' or intentional act must be proved by independent corroborative evidence, other than the testimony of the `insured' making a claim under this or similar coverage, unless such testimony is unsupported by additional evidence."
 {¶ 17} Because the Clarendon policy mirrors R.C.3739.18(D)(2) and the language in the Connell policy and the Roses met the evidentiary threshold requirement of "independent corroborative evidence," the trial court's decision granting summary judgment to Clarendon is reversed. In addition, we reverse the trial court's finding that Nationwide's motion for summary judgment against Clarendon is moot. The entire matter is remanded to the trial court for further proceedings.
 III. CLARENDON'S CROSS-APPEAL {¶ 18} Clarendon filed a notice of cross-appeal, citing as its sole cross-assignment of error that the trial court erred in finding that UM/UIM coverage arose by operation of law. In particular, Clarendon asserts that the insured, the City of Garfield Heights, is a political subdivision to which Ohio law does not require proof of financial responsibility. However, Clarendon's assertion is without merit.
 {¶ 19} Although the City of Garfield Heights is notrequired under R.C. 4509.71 to provide proof of financial responsibility for the vehicles they own or operate, once the City of Garfield Heights elects to provide such proof of financial responsibility, the insurer must offer UM/UIM coverage to its insured in accordance with R.C. 3937.18. Here, the City of Garfield Heights elected to purchase an automobile insurance policy through Clarendon. This election should have cued Clarendon to offer UM/UIM coverage to the City of Garfield Heights. Because Clarendon failed to offer such coverage, the trial court properly found that such coverage arose by operation of law. Clarendon's sole cross-assignment of error is thus, overruled.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said plaintiffs-appellants/cross-appellees recover of said defendant-appellee/cross-appellant their costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., concurs.
 Ann Dyke, P.J., Dissents with separate opinion.
 DISSENTING OPINION