DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant/Cross-Appellee, Personal Service Insurance Company ("PSI"), is appealing a decision of the Pike County Court of Common Pleas denying its motion for directed verdict. PSI argues that appellee/cross-appellant, Tawnya L. Mosley ("Mosley"), failed to satisfy the corroborative evidence test because she did not provide independent third-party testimony that the negligence *Page 2 
of an unidentified driver caused her accident. Because we conclude that Mosley presented evidence with substantial probative value in support of her claim, the trial court properly denied PSI's motion for directed verdict. Furthermore, because we affirm the trial court's judgment, Mosley's assignment of errors on cross appeal are moot and we will not address them.
 FACTS {¶ 2} During the early evening hours of October 26, 2003, Mosley was involved in an automobile accident while driving westbound on State Route 124. Mosley alleged that as she entered a sharp curve near Latham, Ohio, she encountered a van traveling in the opposite direction on her side of the roadway. To avoid a collision, Mosley swerved to the right and went off the road. As she tried to regain control of her car, Mosley crossed back over State Route 124, went off the other side of the road, and struck a telephone pole. The van kept going, and Mosley was never able to identify the driver or the vehicle.
 {¶ 3} At the time of the accident, Mosley had an automobile insurance policy with PSI. The policy included uninsured motorist coverage and defined an "Uninsured Motor Vehicle" as a motor vehicle that was:
 c. A "hit-and-run motor vehicle" if the owner and operator of the motor vehicle cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For these purposes, the testimony of any insured seeking recovery from the insurer shall not constitute independent *Page 3 
corroborative evidence, unless the evidence is supported by additional evidence.
 {¶ 4} Based on the above provision Mosley submitted a claim with PSI for uninsured motorist coverage. PSI denied the claim stating that Mosley had not provided independent corroborative evidence that her injuries were proximately caused by the negligence of an unidentified driver.
 {¶ 5} Mosley subsequently filed a complaint in the Pike County Court of Common Pleas naming PSI, the unidentified driver, and several other John Does as defendants. She sought both money damages and a declaration that she was entitled to uninsured motorist benefits under the policy with PSI. The case proceeded to a jury trial during which Mosley testified about the accident. Mosley also offered the testimony of two Benton Township volunteer firefighters, who testified that sometime after the accident a van drove through the scene at a high rate of speed and nearly struck several firefighters who were directing traffic.
 {¶ 6} At the conclusion of Mosley's case, PSI moved for a directed verdict. The trial court denied the motion, and the jury returned a verdict in Mosley's favor. PSI now appeals the trial court's denial, assigning a single assignment of error for our review:
 "The trial court erred in denying PSI's Motion for Directed Verdict since Appellee did not satisfy the corroborative evidence test which allows a claim to go forward if there is substantive, competent independent testimony that the negligence of an unidentified driver was the proximate cause of the accident." *Page 4 
 {¶ 7} Mosley has filed a cross appeal in which she presents the following assignments of error for us to consider:
I. "THE TRIAL COURT SHOULD HAVE ENTERED A DIRECTED VERDICT FOR THE PLAINTIFFS/CROSS-APPELLANTS ON THE ISSUE OF WHETHER THERE WAS'INDEPENDENT CORROBORATIVE EVIDENCE' WHEN THE DEFENDANT/ CROSS-APPELLEE PRESENTED NO EVIDENCE OF FRAUD."
II. "THE TESTIMONY OF A WITNESS CALLED BY THE PLAINTIFF CONCERNING A `WEIRD' COINCIDENCE THAT OCCURRED AT THE SCENE OF THE ACCIDENT SHOULD HAVE BEEN HEARD AND CONSIDERED BY THE JURY."
 STANDARD OF REVIEW {¶ 8} In its sole assignment of error, PSI argues that the trial court should have granted it a directed verdict because Mosley failed to present independent corroborative evidence that her injuries were proximately caused by the negligence of an unidentified driver. PSI maintains that there was no substantial competent evidence linking the van that Mosley claimed ran her off the road to the van that later drove through the accident scene.
 {¶ 9} Pursuant to Civ. R. 50(A)(1), a party may move for a directed verdict on the opponent's opening statement, at the close of opponent's evidence, or at the close of all evidence. Civ. R. 50(A)(4) sets forth when a trial court may direct a verdict:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any *Page 5 
determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
 {¶ 10} "A motion for a directed verdict * * * does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence." Wright v. SuzukiMotor Corp., Meigs App. Nos. 03CA2, 03CA3, and 03CA4, 2005-Ohio-3494, at ¶ 95, citing O'Day v. Webb (1972), 29 Ohio St.2d 215, paragraph three of the syllabus. See, also, Wagner v. Roche Laboratories (1996),77 Ohio St.3d 116, 119. Accordingly, we apply a de novo standard of review. SeeWright, supra, citing Goodyear Tire Rubber Co. v. Aetna Cas. Sur.Co. (2002), 95 Ohio St.3d 512, 514; Cleveland Elec. Illum. Co. v. Pub.Util. Comm. (1996), 76 Ohio St.3d 521, 523.
 {¶ 11} When a trial court rules on a directed verdict motion, it must not consider either the weight of the evidence or witness credibility. See Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 679-80; Wagner, supra; Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284. Rather, the court must construe the evidence most strongly in favor of the nonmoving party. Strother at 284. In doing so, the court must give the nonmoving party the benefit of all reasonable inferences that may be drawn from the evidence. Broz v. Winland (1994),68 Ohio St.3d 521, 526. *Page 6 
 {¶ 12} "`[I]f there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied.'"Strother at 284-85, quoting Hawkins v. Ivy (1977), 50 Ohio St.2d 114,115. See, also, Texler, supra. The Civ. R. 50(A)(4) "reasonable minds" test "calls upon the court only to determine whether there exists any evidence of substantial probative value in support of [the nonmoving party's claims]." Wagner at 119-120. See, also, Texler, supra, at 679-80; Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68-69. Thus, a court considering a directed verdict motion must determine not whether one version of the facts is more persuasive than the other, but instead, must determine whether the trier of fact could reach only one result under the theories of law presented in the complaint. SeeRamage v. Cent. Ohio Emergency Services, Inc. (1992), 64 Ohio St.3d 97.
 ANALYSIS {¶ 13} As we noted earlier, Mosley's automobile insurance policy with PSI included uninsured motorist coverage that provided benefits to an insured if the insured was injured as a result of the negligence of an unidentified driver:
 c. A "hit-and-run motor vehicle" if the owner and operator of the motor vehicle cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For these purposes, the testimony of any insured seeking recovery from the insurer shall not constitute independent *Page 7 
corroborative evidence, unless the evidence is supported by additional evidence.
 {¶ 14} The policy's language closely follows R.C. 3937.18(B)(3), which provides:
 (B) For purposes of any uninsured motorist coverage included in a policy of insurance, an "uninsured motorist" is the owner or operator of a motor vehicle if any of the following conditions applies:
 * * *
 (3) The identity of the owner or operator cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For purposes of division (B)(3) of this section, the testimony of any insured seeking recovery from the insurer shall not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.
 {¶ 15} As a result, for an insured to receive benefits under an automobile insurance policy with uninsured motorist coverage when the driver that caused the accident is unknown, the insured must produce independent corroborative evidence to support her claim. The insured's testimony is not sufficient by itself to be successful. See Girgis v.State Farm Mut. Auto. Ins. Co., 75 Ohio St.3d 302, 1996-Ohio-111, paragraph two of the syllabus ("The test to be applied in cases where an unidentified driver's negligence causes an injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony *Page 8 
that the negligence of an identified vehicle was the proximate cause of the accident.").
 {¶ 16} PSI argues that the evidence Mosley presented does not corroborate her claim that an unidentified driver proximately caused the accident. Instead, PSI contends that the evidence required the jury to speculate that the van Mosley saw and the van the firefighters later encountered were the same, and mere speculation does not constitute substantial competent evidence. In particular, PSI submits that the descriptions of the van given by Mosley and one of the firefighters, as well as the van's direction of travel, are not consistent, there is no evidence in the record to establish how long after the accident the second van drove through the scene, and neither of the firefighters who testified actually witnessed the accident.
 {¶ 17} Mosley described the vehicle that ran her off the road as an older model full size van, "blue with a silver or gray stripe down the side of it." She further testified that the van was "kinda junky." Firefighter Joseph Chandler ("Chandler") testified, through his deposition, that the van that came through the scene following the accident was "an old Ford van [that] was two-tone *** and in pretty rough shape." He further described the van as "a two-tone [with] a stripe down the side, pretty wide stripe." And although he could not remember the color, Chandler did say he knew "it wasn't a dark van. I don't know if it was gray or white or blue." The other firefighter who testified at trial, Marissa Elliott *Page 9 
("Elliott"), did not remember what the van looked like and could not provide a description.
 {¶ 18} The descriptions given by Mosley and Chandler are not exact. However, they are similar enough, considering that the accident happened during the early evening hours of a rainy and overcast day, that we cannot agree with PSI that they should not be considered as evidence supporting Mosley's claim.
 {¶ 19} The same is true concerning the timing of when the van nearly hit the firefighters directing traffic and the van's direction of travel. The fact that there was no evidence of when the van drove by the scene following the accident, or that no one explained how the van could be traveling in the same direction that Mosley testified the van that ran her off the road was earlier, does not mean the testimony could not support Mosley's claim.
 {¶ 20} PSI also correctly points out that neither Chandler nor Elliott could testify about what actually caused Mosley to run off the road. PSI, however, concedes that there is no requirement in its policy, R.C. 3937.18, or Girgis that the "additional evidence" needed to support the insured's testimony be eyewitness testimony.
 {¶ 21} Finally, PSI repeatedly refers to the testimony provided by Chandler and Elliott as speculative in nature and therefore unable to satisfy the corroborative evidence test. We disagree. Both Chandler and Elliott testified about what they witnessed the evening of the accident. This testimony was not speculative; it was *Page 10 
evidence. Furthermore, if believed, their testimony established that a van closely resembling the description given by Mosley was driving erratically in the area of the accident within a reasonable time afterward.
 {¶ 22} Whether Chandler's or Elliott's testimony proved Mosley's accident was caused by an unidentified driver was a question for the trier of fact. It was the jury's job to consider this evidence, along with Mosley's testimony, and determine if she was entitled to uninsured motorist benefits. Certainly, reasonable minds could reach a different conclusion in this case. When that is true, however, a directed verdict is not appropriate.
 {¶ 23} After construing the evidence most strongly in Mosley's favor, and giving her the benefit of all reasonable inferences that could be drawn from the evidence, we cannot say the trial court erred in denying PSI a directed verdict. PSI's sole assignment of error is without merit.
 CROSS-APPEAL {¶ 24} Our resolution of PSI's assignment of error renders Mosley's assigned errors on cross-appeal moot. See App. R. 12(A)(1)(c).
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Abele, J.: Dissents.
 *Page 1