OPINION
Billie Smith and Linda Smith, plaintiffs-appellants, were injured by an automobile accident in which their vehicle was struck by a truck operated by Toby Eversole, defendant-appellee. Eversole was driving the truck in the course of his employment with the owner of the truck, Robert M. Neff, Inc., who was also made a party to the action. There appears to be no doubt that appellants were innocent victims who deserve to be compensated for their injuries from whomever was responsible for the accident.
In his deposition, Eversole testified that he was forced to change his course when a green van abruptly cut in front of him and that the accident was caused by the operator of the van who left the scene without stopping. Thus, appellees, Eversole and Robert M. Neff, Inc., sought to defend by showing that the accident was the sole fault of another motorist.
Appellants, who were unaware of the existence of another vehicle prior to the time of the deposition of Eversole and the imposition of the defense of Neff and Eversole, joined their uninsured motorist carrier, National Grange Mutual Insurance ("Grange"), as a defendant in the case.
Two motions for summary judgment were filed. Eversole and Neff filed a motion for summary judgment asserting that the deposition of Eversole, which was submitted in conjunction with the motion for summary judgment, showed that the sole fault of the accident was the green van cutting in front of Eversole creating an emergency which resulted in Eversole striking appellants' vehicle. Grange filed a motion for summary judgment on the basis that their policy required physical contact between the unidentified vehicle and its insured which, even though modified by the case of Girgis v. State Farm Mut. Auto. Ins. Co. (1996), 75 Ohio St.3d 302, still required corroborative testimony. Appellants, the insured, had no personal knowledge of a green van. The only testimony concerning its existence or possible fault was that of Eversole. Grange asserted that, because there was no corroboration, even under Girgis, there was no liability on the part of Grange to their insured.
The trial court overruled Eversole and Neff's motion for summary judgment on the basis that the fault of the accident was a matter to be determined at trial. The trial court sustained Grange's motion for summary judgment on the basis that Eversole was not an independent third-party in that he and Neff were interested in the outcome and that there was no corroboration. The trial court rendered judgment in favor of Grange and made the order final and appealable pursuant to Civ.R. 54(B) and R.C. 2505.02, finding that there is no just reason for delay of appeal.
Appellant appeals, asserting the following assignment of error:
 THE COURT BELOW ERRED WHEN IT IMPROPERLY APPLIED GIRGIS V. STATE FARM MUT. AUTO. INS. CO. (1996), 75 OHIO ST.3d 302, TO GRANT NATIONAL GRANGE MUTUAL INSURANCE CO. SUMMARY JUDGMENT AND TO DENY PLAINTIFFS UNINSURED MOTORIST COVERAGE.
Appellants assert that the trial court erred when it improperly implied Girgis to grant Grange summary judgment and to deny their uninsured motorist coverage.
At the point in which we consider the case, the status of the case is that Eversole and Neff can use the action of the unidentified vehicle (the green van) as a defense in the action of appellants against them, yet appellants are precluded from pursuing a claim against their uninsured motorist coverage, Grange, in the event it would be determined that the sole fault of the accident was that of the unidentified driver. Additionally, if the accident were determined to be due to the combined negligence of Eversole and the unidentified driver, Eversole and Neff would be precluded from pursuing any claim against Grange for contribution.
Prior to the case of Girgis, a motorist injured by the conduct of an unidentified vehicle where there was no physical contact could not proceed under its uninsured motorist clause against his company where the contract provided that physical contact was required. In Girgis, the Supreme Court of Ohio modified the harsh requirement of physical contact as an absolute prerequisite to recovery under the uninsured motorist coverage provision. In syllabus two, the court stated as follows:
 The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident. * * *
These cases generally arise when the claim of a responsible unidentified vehicle is made by the driver of the automobile who has a policy for uninsured motorist coverage and claims his wreck was caused by veering to avoid the offending and unidentified vehicle who did not stop. At times, the testimony of the driver is corroborated by another passenger in the vehicle or by other persons who observed what took place. Often the only testimony is that of the driver of the wrecked vehicle or a related passenger. There exists a possibility of fraud in that a "phantom" vehicle may be "manufactured" in order to recover for the driver's own negligence in causing the accident. The majority of the court in Girgis found that the strict requirement of physical contact in order to recover is contrary to public policy, as some of the rationale underlying the requirement is unjustified and that this absolute standard for recovery should be abandoned. In lieu of the strict physical contact requirement, the court substituted a corroborative evidence test which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident. Girgis, at 305.
The Supreme Court has stated that R.C. 3937.18, providing for uninsured motorist coverage, is to be "construed liberally in order to effectuate the legislative purpose that coverage be provided to persons who are injured through the acts of uninsured motorists." Travelers Indemnity Co. v. Reddick (1974), 37 Ohio St.2d 119, at 123.
The court in Girgis pointed out, at 307:
 * * * [T]he corroborative evidence test we propound requires independent third-party testimony specifically to protect insurance companies from fraud. We consider the danger of possible fraud acceptable compared with the current situation where insureds with legitimate claims are prevented, as a matter of law, from recovering. Further, we are confident that the jury system will be able to distinguish between legitimate cases and fraudulent ones, as they do in many other matters.
There are two issues to decide in this case. The first issue is whether the testimony of Eversole constitutes independent third-party testimony that satisfies the Girgis test. We find that it does. R.C.3937.18, which was amended in response to the Girgis case states, as pertinent, the following:
 (D) For the purpose of this section, a motor vehicle shall be deemed uninsured in either of the following circumstances:
* * *
 (2) The identity of the owner and operator of the motor vehicle cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For purposes of this division, the testimony of any insured seeking recovery from the insurer shall not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.
Under R.C. 3937.18(D)(2), the only person whose testimony is precluded from constituting independent corroborative evidence is the testimony of any insured of the uninsured motorist carrier who seeks recovery from that carrier. Eversole is not an insured of Grange and his testimony is not barred from constituting independent corroborative evidence. Clearly, Eversole is independent of the insured and he is not seeking damages from Grange personally.
In Hassan v. Progressive Ins. Co. (June 21, 2001), Franklin App. No. 00AP-1137, unreported, this court found that the sister of the insured driver, who was also injured in the accident, instituted an independent corroborative witness and satisfied the requirements of Girgis and R.C.3937.18.
The second issue is whether corroboration of Eversole is required. Since neither appellant in the insured vehicle saw the green van, they had no testimony to corroborate. Appellants' driving actions did not depend on what happened in another lane that may or may not have caused Eversole's truck to strike appellants' vehicle. All the driver knew is that he was driving along safely in his own lane and the truck crashed into his car. Obviously, there is no fraud on the insured's part, as the insured is perfectly satisfied with Eversole and Neff compensating him and his passenger for their damages. His claim is made based upon the independent testimony of another person, i.e., Eversole. While he may not agree that Eversole and Neff can avoid liability for the accident due to the actions of another vehicle who left the scene, whether that vehicle existed or not or whatever actions that vehicle took, nonetheless, in order to protect himself against the possible finding that the unidentified driver was solely responsible for the accident, he needed to bring his uninsured motorist carrier into the action. While the term "corroborative evidence" is used in the Girgis decision, it was not calculated to apply to a case where the insured motorist's driving actions were not the product of evasive actions from an unidentified driver who left the scene. On the contrary, in this case the independent testimony of Eversole, a third-party, is sufficient without corroboration. If there is any false testimony, it is that of Eversole and it would be an injustice to permit Eversole's testimony to deprive an innocent insured of a valid uninsured motorist claim. The necessity of corroboration applies only when the only testimony is that of an insured seeking to recover uninsured motorist benefits from his insurer.
As a caveat to this decision, we note that we are not making any determination of whether the actions of the unidentified driver, even if Eversole's testimony is found credible, constitute a defense to Neff and Eversole for driving into appellants' vehicle. That issue is not before us at this time.
Appellants' assignment of error is sustained, the judgment of the trial court is reversed and the case is remanded to the trial court for further procedure consistent with this opinion.
Judgment reversed and remanded.
BOWMAN, J., and TYACK, P.J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.