[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Smith v. Erie Ins. Co.,* Slip Opinion No. 2016-Ohio-7742.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7742

SMITH ET AL., APPELLEES, *v*. ERIE INSURANCE COMPANY, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Smith v. Erie Ins. Co.,* Slip Opinion No. 2016-Ohio-7742.]

*Uninsured-motorist insurance—Unidentified vehicle in no-contact accident—Independent corroborative evidence—R.C. 3937.18(B)—Contract's requirement of independent corroborative evidence can be met using evidence derived from the insured's testimony.*

(No. 2015-1419—Submitted June 1, 2016—Decided November 16, 2016.)

CERTIFIED by the Court of Appeals for Ottawa County, No. OT-15-005, 2015-Ohio-3078.

_____

**PFEIFER, J.**

{¶ 1} In this case, we resolve a certified conflict regarding how uninsured-motorist-contract language applies when an unidentified vehicle allegedly causes a no-contact accident that results in an injury to an insured. Specifically, we address the contract's requirement that the insured present "independent corroborative

evidence" that an unidentified vehicle caused the accident. We hold that the contract's requirement of independent corroborative evidence can be met using evidence derived from the insured's testimony.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} This action began with the filing of an insurance claim by appellees, Scott L. Smith and Dawn M. Smith, with their insurer, appellant, Erie Insurance Company ("Erie"), as the result of injuries suffered by Scott in an automobile accident. Scott claimed that while he was driving his pickup truck south on Plasterbed Road in Ottawa County, Ohio, late in the evening of July 25, 2011, a northbound vehicle crossed left of center, causing Scott to swerve his truck off the road into several trees. Scott said that the vehicles did not make physical contact and that the other driver fled the scene.

{¶ 3} Scott called 9-1-1 and reported that a "dark colored SUV" had caused the accident. There were no other witnesses to the accident. The other driver and vehicle were never identified, and no physical evidence confirmed the presence of another vehicle in Scott's lane of travel.

{¶ 4} An Ohio State Highway Patrol trooper responded to Scott's call. The trooper took photos of the accident scene and completed an accident report. Relying solely upon Scott's statement, the trooper's report stated that Scott's vehicle "was southbound on Plasterbed Road" when it "swerved to avoid an unknown northbound vehicle that was left of center. [Scott's vehicle] went off the right side of the road and struck several small trees." The pictures that were taken by the trooper and attached to the accident report depicted a red pickup truck that appeared to have crashed into some trees. The report, including the diagram that the trooper drew of the roadway, stated that Smith was driving on a flat, dry stretch of road and was approaching a T-intersection with Schiewe Road.

{¶ 5} Scott was treated for injuries from the crash at an emergency room and later received physical therapy. The medical and therapy reports describing

Scott's injuries as resulting from an accident caused by another vehicle's forcing him off the road were based solely upon Scott's statements to that effect.

{¶ 6} Scott filed a claim seeking uninsured-motorists ("UM") coverage under the policy that he and his wife had with Erie. Erie denied the claim.

{¶ 7} The Smiths filed a lawsuit against Erie seeking a declaration that they were entitled to UM coverage from Erie for the accident, and both parties moved for summary judgment. The trial court granted summary judgment to Erie, holding that a provision in the policy requiring the insureds to provide "independent corroborative evidence" that the unknown driver caused the injury meant that the Smiths had to submit evidence, independent of Scott Smith's own testimony, corroborating that the accident was caused by an unknown motorist, which they failed to do. The particular policy provision states:

> "Uninsured motor vehicle" means a "motor vehicle:"
> * * *
>
>    3.  which is a hit-and-run **"motor vehicle."** The identity of the driver and owner of the hit-and-run vehicle must be unknown and there must be independent corroborative evidence that the negligence or intentional acts of the driver of the hit-and-run vehicle caused the bodily injury. Testimony of [the insured] seeking recovery does not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.

(Boldface sic; emphasis added.) There is no dispute that the term "hit-and-run" applies to situations in which there is no "hit"—that is, where there is no contact between the vehicles.

{¶ 8} The policy does not define the term "additional evidence."

**{¶ 9}** The Smiths appealed. The appellate court held that the policy language

> is susceptible of at least two interpretations; one in which the "additional evidence" must be independent, third party evidence not derived from the insured (Erie's interpretation), and another in which the "additional evidence" may consist of items of evidence, such as medical records and police reports, that are based on the testimony of the insured (appellants' interpretation).

*Smith v. Erie Ins. Co.*, 2015-Ohio-3078, 36 N.E.3d 214, ¶ 30 (6th Dist.).

**{¶ 10}** Because the policy language was susceptible of more than one interpretation, the court found it "ambiguous regarding the evidentiary requirements for uninsured motorist benefits"; since it was ambiguous, the court construed the provision strictly against the insurer and liberally in favor of the insured. *Id.* at ¶ 32, citing *King v. Nationwide Ins. Co.,* 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988), syllabus.

**{¶ 11}** In construing the ambiguity in favor of the Smiths, the court of appeals concluded that the "additional evidence" required by the policy may consist of items of evidence, such as medical records and police reports, that are based on the testimony of the insured. The court reversed the trial court's summary judgment. The court noted that its decision conflicted with the decision of the Twelfth District Court of Appeals in *Brown v. Philadelphia Indemn. Ins. Co*., 12th Dist. Warren No. CA2010-10-094, 2011-Ohio-2217. In *Brown*, similar contract language was at issue, but the court held that the insured did not present the requisite "additional evidence" that his injuries were caused by an unidentified vehicle.

Instead, the evidence he presented merely repackaged the statements he made to the police who investigated the incident or to his treating physician. Since the police and Brown's physician were merely relying on Brown's account of the incident, the evidence Brown presented in opposition to Philadelphia's summary judgment motion cannot constitute additional evidence.

*Id.* at ¶ 28.

{¶ 12} The court of appeals sua sponte certified a conflict with *Brown*. On review, this court determined that a conflict exists and ordered the parties to brief the following issue:

The subject of the conflict is the uninsured motorist provision in an auto insurance policy, which states that the testimony of an insured seeking recovery of uninsured motorist benefits does not constitute independent corroborative evidence as required by the policy, unless the testimony is supported by additional evidence. The question to be resolved is whether the policy language is ambiguous leading to an interpretation in favor of the insured that any evidence apart from the insured's testimony, either derived from the insured's testimony or not, is sufficient to constitute "additional evidence" under the policy, or whether the policy is unambiguous and the "additional evidence" must be independent of, and not derived from, the insured's testimony.

144 Ohio St.3d 1406, 2015-Ohio-4947, 41 N.E.3d 445.

## LAW AND ANALYSIS

{¶ 13} In *Girgis v. State Farm Mut. Auto. Ins. Co.*, 75 Ohio St.3d 302, 662 N.E.2d 280 (1996), paragraph one of the syllabus, this court declared that public policy precluded contract provisions in insurance policies that required physical contact between an insured's vehicle and the uninsured vehicle as a prerequisite to UM coverage for an accident.

{¶ 14} In *Girgis*, an unidentified driver swerved into the insured's lane, causing the insured to swerve off the road and crash. The insured filed a claim with her insurer, State Farm, seeking UM coverage for the hit-and-run accident. State Farm refused coverage based on its determination that there had been no physical contact between the insured's vehicle and any other vehicle; the policy required such contact as a prerequisite to recovery.

{¶ 15} This court held that it was against public policy to require the insured to prove physical contact in order for the insured to proceed with a UM claim for such an accident. *Id.* at paragraph one of the syllabus. This court stated that "[w]hile objective standards [such as the physical-contact requirement] have the advantage of being easy to apply, their application does not always do justice to injured claimants." *Id.* at 306.

{¶ 16} Although *Girgis* did away with the physical-contact requirement and replaced it with the corroborative-evidence test, that test also created a difficult burden for insureds to overcome in order to recover benefits pursuant to the uninsured-motorist provisions of their automobile-insurance policies for noncontact accidents caused by unknown drivers. This court held:

> The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party

6

testimony that the negligence of an unidentified vehicle was a proximate cause of the accident.

*Id*. at paragraph two of the syllabus.

{¶ 17} After *Girgis*, the General Assembly amended R.C. 3937.18, the uninsured-motorist statute, recognizing that an insured could gain coverage under a UM policy even in a no-contact unidentified-vehicle accident case. 2001 Am.Sub.S.B. No. 97, 149 Ohio Laws, Part I, 779, 780-781. R.C. 3937.18(B) contains the definition of uninsured motorist. Notably, R.C. 3937.18(B) does not track *Girgis*; rather, the statute requires independent corroborative evidence, but states that the insured's own testimony supported by additional evidence can constitute independent corroborative evidence. R.C. 3927.18(B) states:

> For purposes of any uninsured motorist coverage included in a policy of insurance, an "uninsured motorist" is the owner or operator of a motor vehicle if any of the following conditions applies:
>
>     * * *
>
> (3) The identity of the owner or operator cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For purposes of division (B)(3) of this section, the testimony of any insured seeking recovery from the insurer shall not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.

(Emphasis added.)

**{¶ 18}** Like the Philadelphia Indemnity Insurance Company policy analyzed by the Twelfth District Court of Appeals in Brown, 2011-Ohio-2217, the policy at issue here tracks the language of R.C. 3937.18(B)(3). In interpreting the policy language, we keep in mind that "[a]n insurance policy is a contract; in interpreting contracts, courts must give effect to the intent of the parties, and that intent is presumed to be reflected in the plain and ordinary meaning of the contract language." *Granger v. Auto-Owners Ins.*, 144 Ohio St. 3d 57, 2015-Ohio-3279, 40 N.E.3d 1110, ¶ 20.

**{¶ 19}** The policy language in this case is less restrictive to insureds than this court was in *Girgis*. The policy at issue states that there can be recovery of UM benefits in the following circumstances:

> The identity of the driver and owner of the hit-and-run vehicle must be unknown and there must be independent corroborative evidence that the negligence or intentional acts of the driver of the hit-and-run vehicle caused the bodily injury.

But the policy language immediately following makes clear that third-party testimony on causation is not required:

> Testimony of [the insured] seeking recovery does not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.

**{¶ 20}** The policy thus states that the insured's testimony can constitute "independent corroborative evidence." The insured's own testimony constitutes independent corroborative evidence if that testimony is supported by additional evidence. That is a big difference from *Girgis*. Unlike *Girgis*, this insurance policy

does not require "third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident," 75 Ohio St.3d 302, 662 N.E.2d 280, paragraph two of the syllabus.

{¶ 21} Instead, the policy requires only additional evidence—not necessarily third-party testimony—supporting the causation testimony of the insured. The policy does not say "additional testimony" and it certainly does not say "independent third-party testimony." The evidence need be only additional and supportive. A police report that describes a straight, dry roadway and that references no impairment of the driver and no finding of excessive speed could provide additional evidence that supports the insured's testimony. A transcript of insured's conversation with a 9-1-1 operator immediately following the accident—when the insured was in peril—could provide additional evidence supporting the insured's testimony. Statements made to a police officer—for which an insured could face criminal liability if they were knowingly false, *see* R.C. 2917.32(A)(3) and (C)—could constitute additional evidence that supports the testimony of the insured.

{¶ 22} The additional evidence need not go to proximate cause. It must support the insured's testimony regarding proximate cause. Support is an exceedingly broad concept.

{¶ 23} The insurer included the insured's own testimony—as long as it is supported by additional evidence—within the definition of "independent corroborative evidence." That was more generous language than this court set forth in *Girgis*, and the insurer may now wish it had not included it in the policy; but policy language controls this case, and it allows the insured to move past summary judgment and present this matter to the trier of fact.

{¶ 24} We hold that the language at issue is certainly susceptible of the interpretation that any evidence apart from the insured's testimony, either derived from the insured's testimony or not, is sufficient to constitute "additional evidence"

under the policy. Even if the policy language can also be interpreted to mean that the "additional evidence" must be independent of, and not derived from, the insured's testimony, "[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." *King*, 35 Ohio St. 3d 208, 519 N.E.2d 1380, syllabus.

## CONCLUSION

{¶ 25} Accordingly, we resolve the conflict in favor of the interpretation of the Sixth District Court of Appeals. We therefore affirm the judgment of the court of appeals and remand the cause to the trial court.

Judgment affirmed

and cause remanded.

O'CONNOR, C.J., and LANZINGER and O'NEILL, JJ., concur.

KENNEDY, J., dissents, with an opinion joined by O'DONNELL and FRENCH, JJ.

————————————

**KENNEDY, J., dissenting.**

{¶ 26} Because the contract at issue here is not susceptible of more than one reasonable interpretation, I dissent. The contract prohibits the use of the insured's testimony as "independent corroborative evidence" of a no-contact accident, permitting only *independent* evidence as the "additional evidence" necessary for coverage for a no-contact accident under the insured's uninsured-motorist ("UM") insurance provisions. Just as clearly, the contract does not permit the insured's repackaged testimony in another medium to serve as independent additional evidence of such an accident. Therefore, I would reverse the judgment of the court of appeals and reinstate the trial court's grant of summary judgment in favor of appellant, Erie Insurance Company.

**{¶ 27}** Insurance policies are contracts governed by the agreement of the parties and contract law. However, "insurance policies cannot be read in an overly circumscribed fashion." *Sauer v. Crews*, 140 Ohio St.3d 314, 2014-Ohio-3655, 18 N.E.3d 410, ¶ 13, citing *Gomolka v. State Auto. Mut. Ins. Co.*, 70 Ohio St.2d 166, 172, 436 N.E.2d 1347 (1982). Contract language alleged to be ambiguous must be examined in context:

> Although ambiguous provisions in an insurance policy must be construed strictly against the insurer and liberally in favor of the insured, it is equally well settled that a court cannot create ambiguity in a contract where there is none. Ambiguity exists only when a provision at issue is susceptible of more than one *reasonable interpretation*.

(Citations omitted and emphasis added.) *Lager v. Miller-Gonzalez*, 120 Ohio St.3d 47, 2008-Ohio-4838, 896 N.E.2d 666, ¶ 16.

**{¶ 28}** Prior to our decision in *Girgis v. State Farm Mut. Auto. Ins. Co.* in 1996, insurance contracts did not provide UM coverage for no-contact accidents because policies required insureds to submit proof that their vehicles had made contact with another vehicle before the insureds could file a claim for UM coverage ("the contact rule"). 75 Ohio St.3d 302, 662 N.E.2d 280 (1996), syllabus. In *Girgis*, we considered the validity of this rule. We recognized that " '[t]he purpose of the [the contact rule was] to provide an *objective standard of corroboration* of the existence of [another vehicle] to prevent the filing of fraudulent claims.' " (Emphasis added.) *Id*. at 306, quoting *Travelers Indemn. Co. v. Reddick*, 37 Ohio St.2d 119, 124, 308 N.E.2d 454 (1974). But we determined that "[a]dherence to the physical contact requirement effectively deprives insured individuals of any recovery under uninsured motorist coverage even when independent third-party

testimony is available. It strikes us that this is precisely the sort of situation against which uninsured motorist coverage was designed to protect." *Id.* Therefore, we supplanted the contact rule with another form of objective evidence—"independent third-party testimony"—to corroborate that an unknown person who had fled the accident was the proximate cause of the insured's accident. *Id.* at 305. We reasoned, "This will ameliorate the harsh effect of an irrebuttable presumption and allow an insured to prove through independent third-party testimony that an unidentified vehicle was a proximate cause of the accident for which the insured seeks recovery." *Id.* at 307. The upshot of *Girgis* was that an insured could seek UM coverage for a no-contact accident caused by an unknown driver, but only if there was third-party testimony that the unknown driver's negligence caused the insured's accident.

{¶ 29} Not long after *Girgis*, the General Assembly amended R.C. 3937.18. R.C. 3937.18(B) now states:

> For purposes of any uninsured motorist coverage included in a policy of insurance, an "uninsured motorist" is the owner or operator of a motor vehicle if any of the following conditions applies:
>
>    * * *
>
> (3) The identity of the owner or operator cannot be determined, but *independent corroborative evidence* exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For purposes of division (B) (3) of this section, the testimony of any insured seeking recovery from the insurer shall not constitute

> independent corroborative evidence, unless the testimony is supported by additional evidence.

(Emphasis added.) Echoing *Girgis* at 306, R.C. 3937.18(B) declared that the insured's testimony alone was not independent corroborative evidence that could support an uninsured motorist's claim that his or her accident was caused by a non-contact accident. While R.C. 3937.18(B) expanded what could be counted as additional evidence to include "independent corroborative evidence" besides third-party testimony, the statute nevertheless still requires objective evidence.

{¶ 30} The Erie policy at issue here essentially tracks the statutory language:

> "Uninsured motor vehicle" means a "motor vehicle:"
>
> * * *
>
> 3. which is a hit-and-run **"motor vehicle."** The identity of the driver and owner of the hit-and-run vehicle must be unknown and there must be *independent corroborative evidence* that the negligence or intentional acts of the driver of the hit-and-run vehicle caused the bodily injury. *Testimony of [the insured] seeking recovery does not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.*

(Boldface sic and emphasis added.)

{¶ 31} The two sentences quoted above should be analyzed separately. The first sentence requires an insured to provide "independent corroborative evidence" that an unknown driver's negligence or intentional act caused the accident. The next sentence declares that the insured's testimony does not by itself constitute independent corroborative evidence.

{¶ 32} Because an insured's testimony can never be "independent corroborative evidence," it is a truism that the insured's testimony repackaged in a police or medical record cannot be "independent corroborative evidence."

{¶ 33} The second sentence provides the qualifier. Only if "additional evidence" exists—i.e., evidence in addition to the insured's testimony—will the insured have the "independent corroborative evidence" needed to support a claim for UM coverage under the policy. The only reasonable interpretation of the second sentence when considered in conjunction with the first is that "additional evidence" cannot include the insured's testimony.

{¶ 34} The majority does not define "additional evidence." Instead, it declares that "additional evidence" is evidence that "need only be additional and supportive," concluding that the insured's repackaged testimony is sufficient. However, that interpretation is unreasonable when the provision of the Erie policy is construed as a whole.

{¶ 35} "Additional" means "existing or coming by way of addition," and "addition" means "something added that improves or increases value." *Webster's Third New International Dictionary* 24 (1986). "Additional evidence" therefore must be evidence that supplements, rather than repeats, the insured's testimony. Consequently, "additional evidence" can only mean evidence that is distinct from the insured's testimony. To hold otherwise ignores the meaning of the policy provision and R.C. 3937.18(B). *See Brown v. Philadelphia Indemn. Ins. Co*., 12th Dist. Warren No. CA2010-10-094, 2011-Ohio-2217, ¶ 21-22.

{¶ 36} In support of his UM claim for a no-contact accident, Smith submitted a transcript of his 9-1-1 call, the trooper's accident report, and medical reports. All these documents described Smith's injuries as resulting from an accident caused by another vehicle's forcing him off the road. However, in each case, the conclusion is based solely upon Smith's statements to that effect. Therefore, these reports were merely a repackaging of Smith's testimony, not

14

additional evidence independent of his testimony. *See Brown* at ¶ 27-28 (accident report and affidavit from an officer that relied solely on the statement of the insured is not additional evidence, because the officer did not witness the accident and there was no other evidence to support the insured's assertion); *compare Jackson v. State Farm Mut. Auto. Ins. Co.*, 4th Dist. Pike No. 14CA850, 2015-Ohio-1131, ¶ 28 (testimony of passenger who corroborated insured's testimony about a red truck was sufficient "additional evidence" to defeat insurance company's summary-judgment motion on issue whether the insured was involved in a no-contact accident).

{¶ 37} Here, there were no other witnesses to the accident, the other driver and vehicle were never identified, and there was no physical evidence such as debris or skid marks that would tend to corroborate Smith's version of events. Accordingly, Smith did not submit "additional evidence" that was independent of, and not derived from, his own assertions.

{¶ 38} Therefore, I would reverse the judgment of the court of appeals and reinstate the summary judgment in favor of Erie Insurance Company.

O'DONNELL and FRENCH, JJ., concur in the foregoing opinion.

————————————

Connelly & Collier, L.L.P., Steven R. Smith, Steven P. Collier, and Janine T. Avila, for appellees.

Eastman & Smith Ltd., D. Casey Talbott, Mark W. Sandretto, and Lindsey K. Ohlman, for appellant.

Freund, Freeze & Arnold, Kevin C. Connell, and Margaret A. Lennen, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

Vorys, Sater, Seymour & Pease, L.L.P., Thomas E. Szykowny, and Michael Thomas, urging reversal for amicus curiae Ohio Insurance Institute.

Cubbon & Associates Co., L.P.A., and James E. Yavorcik, urging affirmance for amicus curiae Ohio Association of Justice.

_____