Kennedy, J.,
dissenting.
{¶ 26} Because the contract at issue here is not susceptible of more than one reasonable interpretation, I dissent. The contract prohibits the use of the insured’s testimony as “independent corroborative evidence” of a no-contact accident, permitting only independent evidence as the “additional evidence” necessary for coverage for a no-contact accident under the insured’s uninsured-motorist (“UM”) insurance provisions. Just as clearly, the contract does not permit the insured’s repackaged testimony in another medium to serve as independent additional evidence of such an accident. Therefore, I would reverse the judgment of the court of appeals and reinstate the trial court’s grant of summary judgment in favor of appellant, Erie Insurance Company.
{¶ 27} Insurance policies are contracts governed by the agreement of the parties and contract law. However, “insurance policies cannot be read in an overly circumscribed fashion.” Sauer v. Crews, 140 Ohio St.3d 314, 2014-Ohio-3655, 18 N.E.3d 410, ¶ 13, citing Gomolka v. State Auto. Mut. Ins. Co., 70 Ohio St.2d 166, 172, 436 N.E.2d 1347 (1982). Contract language alleged to be ambiguous must be examined in context:
Although ambiguous provisions in an insurance policy must be construed strictly against the insurer and liberally in favor of the insured, it is equally well settled that a court cannot create ambiguity in a contract where there is none. Ambiguity exists only when a provision at issue is susceptible of more than one reasonable interpretation.
(Citations omitted and emphasis added.) Lager v. Miller-Gonzalez, 120 Ohio St.3d 47, 2008-Ohio-4838, 896 N.E.2d 666, ¶ 16.
{¶ 28} Prior to our decision in Girgis v. State Farm Mut. Auto. Ins. Co. in 1996, insurance contracts did not provide UM coverage for no-contact accidents because policies required insureds to submit proof that their vehicles had made contact with another vehicle before the insureds could file a claim for UM coverage (“the contact rule”). 75 Ohio St.3d 302, 662 N.E.2d 280 (1996), syllabus. In Girgis, we considered the validity of this rule. We recognized that “ ‘[t]he purpose of the [contact rule was] to provide an objective standard of corroboration of the existence of [another vehicle] to prevent the filing of fraudulent claims.’ ” (Emphasis added.) Id. at 306, quoting Travelers Indemn. Co. v. Reddick, 37 Ohio St.2d 119, 124, 308 N.E.2d 454 (1974). But we determined that *200 “[ajdherence to the physical contact requirement effectively deprives insured individuals of any recovery under uninsured motorist coverage even when independent third-party testimony is available. It strikes us that this is precisely the sort of situation against which uninsured motorist coverage was designed to protect.” Id. Therefore, we supplanted the contact rule with another form of objective evidence — '“independent third-party testimony” — to corroborate that an unknown person who had fled the accident was the proximate cause of the insured’s accident. Id. at 305. We reasoned, “This will ameliorate the harsh effect of an irrebuttable presumption and allow an insured to prove through independent third-party testimony that an unidentified vehicle was a proximate cause of the accident for which the insured seeks recovery.” Id. at 307. The upshot of Girgis was that an insured could seek UM coverage for a no-contact accident caused by an unknown driver, but only if there was third-party testimony that the unknown driver’s negligence caused the insured’s accident.
{¶ 29} Not long after Girgis, the General Assembly amended R.C. 3937.18. R.C. 3937.18(B) now states:
For purposes of any uninsured motorist coverage included in a policy of insurance, an “uninsured motorist” is the owner or operator of a motor vehicle if any of the following conditions applies:
[[Image here]]
(3) The identity of the owner or operator cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For purposes of division (B)(3) of this section, the testimony of any insured seeking recovery from the insurer shall not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.
(Emphasis added.) Echoing Girgis at 306, R.C. 3937.18(B) declared that the insured’s testimony alone was not independent corroborative evidence that could support an uninsured motorist’s claim that his or her accident was caused by an unknown driver. While R.C. 3937.18(B) expanded what could be counted as additional evidence to include “independent corroborative evidence” besides third-party testimony, the statute nevertheless still requires objective evidence.
{¶ 30} The Erie policy at issue here essentially tracks the statutory language:
*201 “Uninsured motor vehicle” means a “motor vehicle:”
[[Image here]]
3. which is a hit-and-run “motor vehicle.” The identity of the driver and owner of the hit-and-run vehicle must be unknown and there must be independent corroborative evidence that the negligence or intentional acts of the driver of the hit-and-run vehicle caused the bodily injury. Testimony of [the insured] seeking recovery does not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.
(Boldface sic and emphasis added.)
{¶ 31} The two sentences quoted above should be analyzed separately. The first sentence requires an insured to provide “independent corroborative evidence” that an unknown driver’s negligence or intentional act caused the accident. The next sentence declares that the insured’s testimony does not by itself constitute independent corroborative evidence.
{¶ 32} Because an insured’s testimony can never be “independent corroborative evidence,” it is a truism that the insured’s testimony repackaged in a police or medical record cannot be “independent corroborative evidence.”
{¶ 33} The second sentence provides the qualifier. Only if “additional evidence” exists — i.e., evidence in addition to the insured’s testimony — will the insured have the “independent corroborative evidence” needed to support a claim for UM coverage under the policy. The only reasonable interpretation of the second sentence when considered in conjunction with the first is that “additional evidence” cannot include the insured’s testimony.
{¶ 34} The majority does not define “additional evidence.” Instead, it declares that “additional evidence” is evidence that “need be only additional and supportive,” majority opinion at ¶ 21, concluding that the insured’s repackaged testimony is sufficient. However, that interpretation is unreasonable when the provision of the Erie policy is construed as a whole.
{¶ 35} “Additional” means “existing or coming by way of addition,” and “addition” means “something added that improves or increases value.” Webster’s Third New International Dictionary 24 (1986). “Additional evidence” therefore must be evidence that supplements, rather than repeats, the insured’s testimony. Consequently, “additional evidence” can only mean evidence that is distinct from the insured’s testimony. To hold otherwise ignores the meaning of the policy provision and R.C. 3937.18(B). See Brown v. Philadelphia Indemn. Ins. Co., *202 12th Dist. Warren No. CA2010-10-094, 2011-Ohio-2217, 2011 WL 1782118, ¶ 21-22.
Connelly & Collier, L.L.P., Steven R. Smith, Steven P. Collier, and Janine T. Avila, for appellees.
Eastman & Smith, Ltd., D. Casey Talbott, Mark W. Sandretto, and Lindsey K. Ohlman, for appellant.
Freund, Freeze & Arnold, Kevin C. Connell, and Margaret A. Lennen, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.
Vorys, Sater, Seymour & Pease, L.L.P., Thomas E. Szykowny, and Michael Thomas, urging reversal for amicus curiae Ohio Insurance Institute.
Cubbon & Associates Co., L.P.A., and James E. Yavorcik, urging affirmance for amicus curiae Ohio Association for Justice.
{¶ 36} In support of his UM claim for a no-contact accident, Scott Smith submitted a transcript of his 9-1-1 call, the trooper’s accident report, and medical reports. All these documents described Smith’s injuries as resulting from an accident caused by another vehicle forcing him off the road. However, in each case, the conclusion is based solely upon Smith’s statements to that effect. Therefore, these reports were merely a repackaging of Smith’s testimony, not additional evidence independent of his testimony. See Brown at ¶ 27-28 (accident report and affidavit from an officer that relied solely on the statement of the insured is not additional evidence, because the officer did not witness the accident and there was no other evidence to support the insured’s assertion); compare Jackson v. State Farm Mut. Auto. Ins. Co., 4th Dist. Pike No. 14CA850, 2015-Ohio-1131, 2015 WL 1372441, ¶ 28 (testimony of passenger who corroborated insured’s testimony about a red truck was sufficient “additional evidence” to defeat insurance company’s summary-judgment motion on issue whether the insured was involved in a no-contact accident).
{¶ 37} Here, there were no other witnesses to the accident, the other driver and vehicle were never identified, and there was no physical evidence such as debris or skid marks that would tend to corroborate Smith’s version of events. Accordingly, Smith did not submit “additional evidence” that was independent of, and not derived from, his own assertions.
{¶ 38} Therefore, I would reverse the judgment of the court of appeals and reinstate the summary judgment in favor of Erie Insurance Company.
O’Donnell and French, JJ., concur in the foregoing opinion.